# EXHIBIT A

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PERDUE FARMS INC., a Maryland corporation; PERDUE FOODS
LLC, a Maryland limited liability company; (See attachment)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
RONNIE WILLIAMS, on behalf of himself, all others similarly situated,

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* Hall of Justice
330 W. Broadway, Room 225
San Diego, California 92101

CASE NUMBER:
*(Número del Caso):*
**CGC-19-579954**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shaun Setareh, Esq., 315 South Beverly Drive, Suite 315, Beverly Hills, California 90212, (310) 888-7771

DATE: **OCT 1 1 2019**        Clerk, by _____ , Deputy
*(Fecha)*                     *(Secretario)*                      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

BY FAX
ONE LEGAL LLC
CLERK OF THE COURT

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

| SHORT TITLE:<br>Williams v. Coleman Natural Foods, LLC. | CASE NUMBER: |
|---|---|

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

PETALUMA ACQUISITION, LLC; a Delaware limited liability company; COLEMAN NATURAL PRODUCTS, INC., a Delaware corporation; COLEMAN NATURAL FOODS, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive,

Page _____ of _____

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

1  Shaun Setareh (SBN 204514)
   shaun@setarehlaw.com
2  William M. Pao (SBN 219846)
   william@setarehlaw.com
3  Alexandra R. McIntosh (SBN 320904)
   alex@setarehlaw.com
4  SETAREH LAW GROUP
   315 South Beverly Drive, Suite 315
5  Beverly Hills, California 90212
   Telephone (310) 888-7771
6  Facsimile (310) 888-0109

7  Attorneys for Plaintiff
   RONNIE WILLIAMS

8

**F I L E D**
Superior Court of California
County of San Francisco

OCT 1 1 2019

CLERK OF THE COURT
BY: _____
                    Deputy Clerk

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                 FOR THE COUNTY OF SAN FRANCISCO

11                      UNLIMITED JURISDICTION

12

13  RONNIE WILLIAMS, on behalf of himself,      Case No. **CGC-19-579954**
    all others similarly situated,
14                                              **CLASS ACTION**
              *Plaintiff,*
15                                              **COMPLAINT**
         vs.
16                                              1.  Violation of 15 U.S.C. §§ 1681b(b)(2)(A)
    PERDUE FARMS INC., a Maryland                   (Fair Credit Reporting Act)
17  corporation; PERDUE FOODS LLC, a            2.  Failure to Provide Meal Periods (Lab. Code
    Maryland limited liability company;             §§ 204, 223, 226.7, 512 and 1198);
18  PETALUMA ACQUISITION, LLC, a               3.  Failure to Provide Rest Periods (Lab. Code
    Delaware limited liability company;            §§ 204, 223, 226.7 and 1198);
19  COLEMAN NATURAL PRODUCTS, INC., a          4.  Failure to Pay Hourly Wages (Lab. Code §§
    Delaware corporation; COLEMAN                  223, 510, 1194, 1194.2, 1197, 1997.1 and
20  NATURAL FOODS, LLC, a Delaware limited         1198);
    liability company; and DOES 1 through 50,  5.  Failure to Indemnify (Lab. Code § 2802);
21  inclusive,                                  6.  Failure to Provide Accurate Written Wage
                                                    Statements (Lab. Code §§ 226(a));
22            *Defendants.*                     7.  Failure to Timely Pay All Final Wages
                                                    (Lab. Code §§ 201, 202 and 203);
23                                              8.  Failure to Pay Wages Without Discount
                                                    (Lab. Code § 212);
24                                              9.  Unfair Competition (Bus. & Prof. Code §§
                                                    17200 *et seq.*);
25
                                                **JURY TRIAL DEMANDED**
26

27

28

                           CLASS ACTION COMPLAINT

COMES NOW, Plaintiff RONNIE WILLIAMS ("Plaintiff"), on behalf of himself, all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this class action against Defendant PERDUE FARMS INC., a Maryland corporation; PERDUE FOODS LLC, a Maryland limited liability company; PETALUMA ACQUISITION, LLC, a Delaware limited liability company; COLEMAND NATURAL PRODUCTS, INC., a Delaware corporation; COLEMAN NATURAL FOODS, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive (collectively referred to as "Defendants") for alleged violations of the Fair Credit Reporting Act ("FCRA") and similar California laws

2. Plaintiff alleges that Defendants routinely acquire consumer, investigative consumer and/or consumer credit reports (referred to collectively as "credit and background reports") to conduct background checks on Plaintiff and other prospective, current and former employees and use information from credit and background reports in connection with their hiring process without providing proper disclosures and obtaining proper authorization in compliance with the law.

3. Plaintiff, individually and on behalf of all others similarly situated current, former and prospective employees, seeks compensatory and punitive damages due to Defendants' systematic and willful violations of the FCRA (15 U.S.C. §§ 1681 *et seq*.)

4. Plaintiff brings this class action against Defendants for alleged violations of the Labor Code and Business and Professions Code. As set forth below, Plaintiff alleges that Defendants have:

        (1)    failed to provide him and all other similarly situated individuals with meal periods;

        (2)    failed to provide them with rest periods;

        (3)    failed to pay them premium wages for missed meal and/or rest periods;

        (4)    failed to pay them premium wages for missed meal and/or rest periods at the regular rate of pay;

        (5)    failed to pay them at least minimum wage for all hours worked;

1       (6)     failed to pay them overtime wages at the correct rate;

2       (7)     failed to pay them double time wages at the correct rate;

3       (8)     failed to pay them overtime and/or double time wages by failing to include all

4            applicable remuneration in calculating the regular rate of pay;

5       (9)     failed to reimburse them for all necessary business expenses;

6       (10)    failed to provide them with accurate written wage statements; and

7       (11)    failed to pay them all of their final wages following separation of

8            employment.

9       Based on these alleged Labor Code violations, Plaintiff now brings this class action to

10 recover unpaid wages, restitution and related relief on behalf of himself, all others similarly

11 situated.

12                      **JURISDICTON AND VENUE**

13       5.     This Court has subject matter jurisdiction to hear this case because the monetary

14 damages and restitution sought by Plaintiff from Defendants conduct exceeds the minimal

15 jurisdiction of the Superior Court of the State of California.

16       6.     Venue is proper in San Francisco County because Defendants' principal place of

17 business is in Maryland, is incorporated under the laws of Maryland, does business in San

18 Francisco County, and has not registered a California place of business with the California

19 Secretary of State. As such, venue is proper in any county in California.

20                           **PARTIES**

21       7.     Plaintiff RONNIE WILLIAMS is, and at all relevant times mentioned herein, an

22 individual residing in the State of California.

23       8.     Plaintiff is informed and believes, and thereupon alleges that Defendant PERDUE

24 FAMRS INC. is, and at all relevant times mentioned herein, a Maryland corporation doing business

25 in the State of California.

26       9.     Plaintiff is informed and believes, and thereupon alleges that Defendant PERDUE

27 FOODS LLC is, and at all relevant times mentioned herein, a Maryland limited liability company

28 doing business in the State of California.

1     10.    Plaintiff is informed and believes, and thereupon alleges that Defendant

2 PETALUMA ACQUISIITION, LLC is, and at all relevant times mentioned herein, a Delaware

3 limited liability company doing business in the State of California.

4     11.    Plaintiff is informed and believes, and thereupon alleges that Defendant COLEMAN

5 NATURAL PRODUCTS, INC. is, and at all relevant times mentioned herein, a Delaware

6 corporation doing business in the State of California.

7     12.    Plaintiff is informed and believes, and thereupon alleges that Defendant COLEMAN

8 NATURAL FOODS, LLC is, and at all relevant times mentioned herein, a Delaware limited

9 liability company doing business in the State of California.

10     13.    Plaintiff is ignorant of the true names and capacities of the defendants sued herein as

11 DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names.

12 Plaintiff will amend this Complaint to allege the true names and capacities of the DOE defendants

13 when ascertained. Plaintiff is informed and believes, and thereupon alleges that each of the

14 fictitiously named defendants are responsible in some manner for the occurrences, acts and

15 omissions alleged herein and that Plaintiff's alleged damages were proximately caused by these

16 defendants, and each of them. Plaintiff will amend this complaint to allege both the true names and

17 capacities of the DOE defendants when ascertained.

18     14.    Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

19 mentioned herein, some or all of the defendants were the representatives, agents, employees,

20 partners, directors, associates, joint venturers, principals or co-participants of some or all of the

21 other defendants, and in doing the things alleged herein, were acting within the course and scope of

22 such relationship and with the full knowledge, consent and ratification by such other defendants.

23     15.    Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

24 mentioned herein, some of the defendants pursued a common course of conduct, acted in concert

25 and conspired with one another, and aided and abetted one another to accomplish the occurrences,

26 acts and omissions alleged herein.

27     **CLASS ALLEGATIONS**

28     16.    This action has been brought and may be maintained as a class action pursuant to

Code of Civil Procedure section 382 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

17. **Relevant Time Period**: The relevant time period is defined as the time period beginning four years prior to the filing of this action until judgment is entered.

**FCRA Class:** All Defendants' current, former and prospective applicants for employment in the United States who applied for a job with Defendants at any time during the period for whom a background check was performed beginning five years prior to the filing of this action and ending on the date that final judgment is entered in this action.

**Hourly Employee Class**: All persons employed by Defendants and/or any staffing agencies and/or any other third parties in hourly or non-exempt positions in California during the **Relevant Time Period**.

**Meal Period Sub-Class**: All **Hourly Employee Class** members who worked in a shift in excess of five hours during the **Relevant Time Period**.

**Rest Period Sub-Class**: All **Hourly Employee Class** members who worked a shift of at least three and one-half (3.5) hours during the **Relevant Time Period**.

**Wage Statement Penalties Sub-Class**: All **Hourly Employee Class** members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

**Waiting Time Penalties Sub-Class**: All **Hourly Employee Class** members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

**UCL Class**: All **Hourly Employee Class** members employed by Defendants in California during the **Relevant Time Period**.

**Expense Reimbursement Class:** All persons employed by Defendants in California who incurred business expenses during the **Relevant Time Period**.

**Pay Card Class**: All persons employed by Defendants in California who were paid their wages with a pay card and were not paid all earned wages during the **Relevant Time Period**.

18. **Reservation of Rights**: Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into sub-classes and/or by limitation to particular issues.

19. **Numerosity**: The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes, and thereupon alleges that the actual number

1   exceeds the minimum required for numerosity under California law.

2       20.     **Commonality and Predominance:** Common questions of law and fact exist as to

3   all class members and predominate over any questions which affect only individual class members.

4   These common questions include, but are not limited to:

5           A.      Whether Defendants failed to comply with the requirements of 15 U.S.C. §

6                   7001 section 101(c)(1);

7           B.      Whether Defendants willfully failed to provide the class with clear and

8                   conspicuous, stand-alone written disclosures before obtaining a background

9                   report in compliance with the statutory mandates;

10          C.      Whether Defendants willfully failed to identify the name, address, telephone

11                  number, and/or website of the consumer reporting agency conducting the

12                  investigation;

13          D.      Whether Defendants willfully failed to identify the source of the consumer

14                  report to be performed;

15          E.      Whether Defendants willfully failed to comply with the FCRA;

16          F.      Whether Defendants maintained a policy or practice of failing to provide

17                  employees with their meal periods;

18          G.      Whether Defendants maintained a policy or practice of failing to provide

19                  employees with their rest periods;

20          H.      Whether Defendants failed to pay premium wages to class members when

21                  they have not been provided with required meal and/or rest periods;

22          I.      Whether Defendants failed to pay minimum and/or overtime wages to class

23                  members as a result of policies that fail to provide meal periods in accordance

24                  with California law;

25          J.      Whether Defendants failed to pay minimum and/or overtime wages to class

26                  members for all time worked;

27          K.      Whether Defendants used payroll formulas that systematically fail to account

28                  for non-discretionary bonuses and/or other applicable remuneration when

1                       calculating regular rates of pay for class members;

2         L.     Whether Defendants failed to pay overtime wages to class members as a

3                result of incorrectly calculating their regular rates of pay;

4         M.     Whether Defendants failed to pay premium wages to class members based on

5                their respective "regular rates of compensation" by not including

6                commissions and/or other applicable remuneration in calculating the rates at

7                which those wages are paid;

8         N.     Whether Defendants failed to reimburse class members for all necessary

9                business expenses incurred during the discharge of their duties;

10        O.     Whether Defendants failed to provide class members with accurate written

11               wage statements as a result of providing them with written wage statements

12               with inaccurate entries for, among other things, amounts of gross and net

13               wages, and total hours worked;

14        P.     Whether Defendants used pay cards to pay class members;

15        Q.     Whether class members incurred fees in cashing pay cards;

16        R.     Whether class members have been able to redeem pay cards for their full cash

17               value;

18        S.     Whether Defendants applied policies or practices that result in late and/or

19               incomplete final wage payments;

20        T.     Whether Defendants are liable to class members for waiting time penalties

21               under Labor Code section 203;

22        U.     Whether class members are entitled to restitution of money or property that

23               Defendants may have acquired from them through unfair competition;

24     21.   **Typicality:** Plaintiff's claims are typical of the other class members' claims.

25 Plaintiff is informed and believes and thereupon alleges that Defendants have a policy or practice of

26 failing to comply with the Labor Code and Business and Professions Code as alleged in this

27 Complaint.

28     22.   **Adequacy of Class Representative:** Plaintiff is an adequate class representative in

1   that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class

2   members and is dedicated to vigorously prosecuting this action on their behalf. Plaintiff will fairly

3   and adequately represent and protect the interests of the other class members.

4       23.   **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that

5   they have no known conflicts of interest with Plaintiff or absent class members, are experienced in

6   wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on

7   behalf of Plaintiff and absent class members.

8       24.   **Superiority:** A class action is vastly superior to other available means for fair and

9   efficient adjudication of the class members' claims and would be beneficial to the parties and the

10  Court. Class action treatment will allow a number of similarly situated persons to simultaneously

11  and efficiently prosecute their common claims in a single forum without the unnecessary

12  duplication of effort and expense that numerous individual actions would entail. In addition, the

13  monetary amounts due to many individual class members are likely to be relatively small and would

14  thus make I difficult, if not impossible, for individual class members to both seek and obtain relief.

15  Moreover, a class action will serve an important public interest by permitting class members to

16  effectively pursue the recovery of monies owed to them. Further, a class action will prevent the

17  potential for inconsistent or contradictory judgments inherent in individual litigation.

18                          **GENERAL ALLEGATIONS**

19      25.   Plaintiff worked for Defendants as a non-exempt, hourly employee from

20  approximately October 2016 through January 2019.

21      26.   When Plaintiff applied for employment, Defendants performed a background

22  investigation on Plaintiff.

23      27.   Defendants did not provide legally compliant disclosure and authorization forms to

24  Plaintiff and the putative class because they were not provided with a stand-alone document.

25  Additionally, they forms were not clear and conspicuous because it was surrounded by additional

26  information.

27                          **Shortened Meal Periods**

28      28.   Plaintiff alleges that, at all relevant times during the applicable limitations period,

1  Defendants maintained a policy or practice of requiring Plaintiff and the putative class shorten their

2  meal periods by at least ten minutes. Plaintiff and the putative class were required to clock in on

3  time when returning from lunch. If they clocked in a minute over their allotted 30-minutes for

4  lunch, they were docked 15 minutes from their pay. In an effort to avoid such punishment, Plaintiff

5  and the putative class often shortened their meal periods by at least ten-minutes, so they were able

6  to get to the time clock on time to clock-in from their meal period.

7       29.     Additionally, Plaintiff and the putative class were required to don and doff their

8  uniform before they were leaving or coming back from their meal periods. Again, this event

9  resulted in shortened meal periods as Plaintiff and the putative class worked to complete their tasks

10  on time.

11       30.     Accordingly, Plaintiff and the putative class were provided with shortened meal

12  periods because they needed to clock-in from their meal period on time or they were docked time

13  from their pay. Also, Plaintiff and the putative class were provided with shortened meal periods

14  due to the donning and doffing of their uniform as they were required to be dressed before they

15  returned to their duties.

16       31.     Plaintiff alleges that, at relevant times during the applicable limitations period, due

17  to Defendants above-mentioned policy or practice, Plaintiff and the putative class did not receive

18  their full thirty (30) minutes uninterrupted meal periods that they were entitled under California

19  law.

20                                    **Off-the-Clock Work**

21       32.     Plaintiff and the putative class were not paid all wages earned as Defendants

22  directed, permitted or otherwise encouraged Plaintiff and the putative class to perform off-the-clock

23  work.

24       33.     Plaintiff and the putative class regularly started work before their scheduled work

25  hours and were not paid for this time.  Plaintiff and the putative class arrived to work approximately

26  an hour before their shift started. Plaintiff and the putative class began to perform their duties while

27  they were not clocked-in, so they were able to complete their daily tasks on time. Defendants'

28  management team knew that this work was being done and permitted it to happen without

1  instructing Plaintiff and the putative class to clock-in for their work.

2    34.   As a result of performing off-the-clock work that was directed, permitted or

3  otherwise encouraged by Defendants, Plaintiff and the putative class should have been paid for this

4  time. Instead, Defendants only paid Plaintiff and the putative class based on the time they were

5  clocked in for their shifts and did not pay Plaintiff and the putative class for any of the time spent

6  working off-the-clock.

7    35.   Defendants knew or should have known that Plaintiff and the putative class were

8  performing work before and after their scheduled work shifts and failed to pay Plaintiff and the

9  putative class for these hours.

10   36.   Defendants were aware of this practice and directed, permitted or otherwise

11  encouraged Plaintiff and the putative class to perform off-the-clock work.

12   37.   As a result of Defendants' policies and practices, Plaintiff and the putative class were

13  not paid for all hours worked.

14                    **Missed Meal Periods**

15   38.   Plaintiff and the putative class members were not provided with meal periods of at

16  least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not

17  scheduling each meal period as part of each work shift; (2) chronically understaffing each work

18  shift with not enough workers; (3) imposing so much work on each employee such that it made it

19  unlikely that an employee would be able to take their breaks if they wanted to finish their work on

20  time; and (4) no formal written meal and rest period policy that encouraged employees to take their

21  meal and rest periods.

22   39.   As a result of Defendants' policy, Plaintiff and the putative class were regularly not

23  provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours

24  worked because they were required to clock-in form their meal periods on time which resulted in a

25  shortening of their meal periods. Also, Plaintiff and the putative class had to don and doff their

26  uniform when leaving for and returning from their meal periods which further resulted in shortened

27  meal periods.

28   40.   Plaintiff and the putative class were consistently working ten or more hours per

shift. However, Defendants failed to permit Plaintiff and the putative class with a second meal
period and allowed them to work through it so their work was completed in a timely manner.

**Missed Rest Periods**

41.     Plaintiff and the putative class members were not provided with rest periods of at
least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1)
Defendants' policy of not scheduling each rest period as part of each work shift; (2) chronically
understaffing each work shift with not enough workers; (3) imposing so much work on each
employee such that it made it unlikely that an employee would be able to take their breaks if they
wanted to finish their work on time; and (4) no formal written meal and rest period policy that
encouraged employees to take their meal and rest periods.

42.     As a result of Defendants' policy, Plaintiff and the putative class were regularly not
provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked
because they were required to don and doff their uniforms while on their break. Plaintiff and the
putative class were only allotted two- and one-half minutes to doff their uniform for their rest
break. Plaintiff and the putative class were also allotted two- and one-half minutes to don their
uniform when returning from their rest break. This total of five minutes was performed during their
breaks which resulted in shortened rest breaks.

**Regular Rate of Pay**

43.     The regular rate of pay under California law includes all remuneration for
employment paid to, on behalf of, the employee. This requirement includes, but is not limited, to,
commissions and non-discretionary bonuses.

44.     During the applicable limitations period, Defendants violated the rights of Plaintiff
and the putative class under the above-referenced Labor Code sections by failing to pay them
overtime wages for all overtime hours worked in violation of Labor Code §§ 510, 1194, and 1198
as a result of not correctly calculating their regular rate of pay to include all applicable
remuneration, including, but not limited to, non-discretionary bonuses and/or shift differential pay.

45.     More specifically, Plaintiff and the putative class were often awarded a bonus for
partaking in the Employee/Mentor Program. However, when Plaintiff and the putative class

1  worked overtime, this bonus was never taken into consideration when calculating their proper rate
2  of pay. Additionally, Plaintiff and the putative class were also given a referral bonus if they
3  referred someone to the company. Again, this bonus was also not taken into consideration when
4  calculating Plaintiff and the putative class' overtime rate of pay.

**Expense Reimbursement**

6      46.    Plaintiff and the putative class members were required to utilize their own personal
7  cell phones to help perform their job duties.

8      47.    Defendants failed to reimburse Plaintiff and the putative class for such necessary
9  business expenses incurred by them.

**Pay Card**

11     48.    Plaintiff and the putative class were given pay cards by Defendants. When it was
12 time for pay day, Defendants sent Plaintiff and the putative class' earnings to this card in place of
13 issuing paper checks.

14     49.    During this time, Plaintiff and the putative class incurred fees when they were
15 withdrawing money from these cards at a bank that was not affiliated with the card that was
16 provided.

**Wage Statements**

18     50.    Plaintiff and the putative class were not provided with accurate wage statements as
19 mandated by law pursuant to Labor Code section 226.

20     51.    Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages
21 earned" were not accurately reflected in that: (1) all hours worked, including overtime, were not
22 included; (2) the regular rate of pay was not calculated properly, and; (3) their meal and rest break
23 premiums were not properly provided.

24     52.    Defendants failed to comply with Labor Code section 226(a)(2) as "total hours
25 worked by the employee" were not accurately reflected in that: (1) all hours worked, including
26 overtime, were not included; (2) the regular rate of pay was not calculated properly, and; (3) their
27 meal and rest break premiums were not properly provided.

28     53.    Defendants failed to comply with Labor Code section 226(a)(5) as "net wages

earned" were not accurately reflected in that: (1) all hours worked, including overtime, were not included; (2) the regular rate of pay was not calculated properly, and; (3) their meal and rest break premiums were not properly provided.

54.     Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee" were not accurately reflected in that: all hours worked, including overtime, were not included.

<u>**FIRST CAUSE OF ACTION**</u>

**FAILURE TO PROVIDE PROPER DISCLOSURE IN VIOLATION OF THE FCRA**

**(15 U.S.C. §§ 1681b(b)(2)(A))**

**(Plaintiff and FCRA Class Against All Defendants)**

55.     Plaintiff incorporates the preceding paragraphs of this Complaint as if fully alleged herein.

56.     Defendants are "persons" as defined by Section 1681a(b) of the FCRA.

57.     Plaintiff and class members are "consumers" within the meaning of Section 1681a(c) of the FCRA because they are "individuals."

58.     Section 1681a(d)(1) of the FCRA defines "consumer report" as:

> "The term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for–
>
> (A) credit or insurance to be used primarily for personal, family, or household purposes;
>
> (B) employment purposes; or
>
> (C) any other purpose authorized under section 1681b of this title."

Accordingly, a credit and background report qualifies as a consumer report.

59.     Section 1681a(e) of the FCRA defines "investigative consumer report" as:

> "The term 'investigative consumer report' means a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with

neighbors, friends, or associates of the consumer reported on or with others with whom he is acquainted or who may have knowledge concerning any such items off information. However, such information shall not include specific factual information on a consumer's credit record obtained directly from a creditor of the consumer or from a consumer reporting agency when such information was obtained directly from a creditor of the consumer or from the consumer."

Accordingly, a credit and background report qualifies as an investigative consumer report.

60.     Section 1681b(b)(2)(A) of the FCRA provides:

> Conditions for furnishing and using consumer reports for employment purposes Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless–
>
> (i)   A *clear and conspicuous* disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that *consists solely of the disclosure,* that a consumer report may be obtained for employment purposes; and
>
> (ii)  The consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person. (Emphasis added.)

61.     Section 1681b(b)(2)(A)(i) requires that a clear and conspicuous disclosure be made in writing.

62.     Because Defendants' disclosures do not meet the requirement of 15 U.S.C. section 7001(c), the disclosures do not satisfy the written requirement.

63.     Plaintiff alleges, upon information and belief, that in evaluating him and other class members for employment, Defendants procured or caused to be procured credit and background reports (i.e. a consumer report and/or investigative consumer report as defined by 15 U.S.C. section 1681a(d)(1)(B) and 15 U.S.C. section 1681a(e)).

64.     The purported disclosures do not meet the requirements under the law because they are embedded with extraneous information, and are not clear and unambiguous disclosures in stand-alone documents.

65.     Under the FCRA, it is unlawful to procure or caused to be procured, a consumer report or investigative consumer report for employment purposes unless the disclosure is made in a document that consists solely of the disclosure and the consumer has authorized, in writing, the procurement of the report. (15 U.S.C. § 1681b(b)(2)(A)(i)-(ii).) The inclusion of a release and other

1 extraneous information therefore violates section 1681b(b)(2)(A) of the FCRA.

2     66.    Although the disclosure and authorization may be combined in a single document,

3 the Federal Trade Commission ("FTC") has warned that the form should not include any extraneous

4 information or be part of another document. For example, in response to an inquiry as to whether

5 the disclosure may be set forth within an application for employment or whether it must be included

6 in a separate document, the FTC stated:

7         "The disclosure may not be part of an employment application because the language
        [of 15 U.S.C. section 1681b(b)(2)(A) is] intended to ensure that it appears

8         conspicuously in a document not encumbered by any other information. The reason
        for requiring that the disclosure be in a stand-alone document is to prevent

9         consumers from being distracted by other information side-by-side within the
        disclosure."

10

11     67.    The plain language of the statute also clearly indicates that the inclusion of a liability

12 release in a disclosure form violates the disclosure and authorization requirements of the FCRA,

13 because such a form would not consist "solely" of the disclosure. In fact, the FTC expressly warned

14 that the FCRA notice may not include extraneous information such as a release. In a 1998 opinion

15 letter, the FTC stated:

16         "[W]e note that your draft disclosure includes a waiver by the consumer of his or her
        rights under the FCRA. The inclusion of such a waiver in a disclosure form will

17         violate section 604(b)(2)(A) of the FCRA, which requires that a disclosure consist
        'solely' of the disclosure that a consumer report may be obtained for employment

18         purposes."

19     68.    In a report dated July 2011, the FTC reiterated that "the notice [under 15 U.S.C.

20 section 1681b(b)(2)(A))] may not include extraneous or contradictory information, such as a request

21 for a consumer's waiver of his or her rights under the FCRA."

22     69.    By including a release and other extraneous information, Defendants willfully

23 disregarded the FTC's regulatory guidance and violated section 1681b(b)(2)(A) of the FCRA.

24 Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "clear and

25 conspicuous" and "clear and accurate" and therefore violates sections 1681b(b)(2)(A0 and

26 1681d(a).

27     70.    Defendants' conduct in violation of section 1681b(b)(2)(A) of the FCRA was and is

28 willful. Defendants acts in deliberate or reckless disregard of their obligations and the rights of

applicants and employees, including Plaintiff and class members. Defendants' willful conduct is reflected by, among other things, the following facts:

      A.    Defendants are a large corporation with access to legal advice;

      B.    Defendants required a purported authorization to perform credit and background checks in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations;

      C.    The plain language of the statute unambiguously indicates that inclusion of a liability release and other extraneous information in a disclosure form violates the disclosure and authorization requirements; and

      D.    The FTC's express statements, pre-dating Defendants' conduct, which state that it is a violation of section 1681b(b)(2)(A) of the FCRA to include a liability waiver in the disclosure form.

71.    Defendants required a liability release in the disclosure form, along with other extraneous information, that releases all parties involved from any liability and responsibility for releasing information they have about the Plaintiff to Defendants.

72.    Based upon the facts likely to have evidentiary support after a reasonable opportunity to further investigation and discovery, Plaintiff alleges that Defendants have a policy and practice of procuring investigative consumer reports or causing investigative consumer reports to be procured for applicants and employees without informing them of their right to request a summary of their rights under the FCRA at the same time as the disclosure explaining that an investigative consumer report may be made. Pursuant to that policy and practice, Defendants procured investigative consumer reports or caused investigative consumer reports to be procured for Plaintiff and class members, as described above, without informing class members of their rights to request a written summary of their rights under the FCRA.

73.    Accordingly, Defendants willfully violated and continue to violate the FCRA, including but not limited to, sections 1681b(b)(2)(A) and 1681d(a). Defendants' willful conduct is reflected by, among other things, the facts set forth above.

74. As a result of Defendants' unlawful procurement of credit and background reports by way of their inadequate disclosures, as set forth above, Plaintiff and class members have been injured, including but not limited to, having their privacy and statutory rights invaded in violation of the FCRA.

75. Plaintiff, on behalf of herself and all class members, seek all available remedies pursuant to 15 U.S.C. section 1681n, including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief and attorneys' fees and costs.

76. In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C. section 1681o, including statutory damages and attorneys' fees and costs.

**SECOND CAUSE OF ACTION**

**FAILURE TO PROVIDE MEAL PERIODS**

**(Lab. Code §§ 004, 223, 226.7, 512 and 1198)**

**(Plaintiff and Meal Period Sub-Class)**

77. Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if fully alleged herein.

78. At all relevant times, Plaintiff and the **Meal Period Sub-Class** members have been non-exempt employees of Defendant entitled to the full meal period protections of both the Labor Code and the applicable Industrial Welfare Commission Wage Order.

79. Labor Code section 512 and Section 11 of the applicable Industrial Welfare Commission Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free meal periods of at least thirty minutes for each work period of ten hours.

80. Labor Code section 226.7 and Section 11 of the applicable Industrial Welfare Commission Wage Order ("Wage Order") both prohibit employers from requiring employees to work during required meal periods and require employers to pay non-exempt employees an hour of premium wages on each workday that the employee is not provided with the required meal period.

81.     Compensation for missed meal periods constitutes wages within the meaning of Labor Code section 200.

82.     Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the applicable Wage Order.

83.     Section 11 of the applicable Wage Order states:

> "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee.  Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked.  An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to.  The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

84.     At all relevant times, Plaintiff was not subject to a valid on-duty meal period agreement.  Plaintiff is informed and believes that, at all relevant times, **Meal Period Sub-Class** members were not subject to valid on-duty meal period agreements with Defendants.

85.     Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period Sub-Class** with uninterrupted, duty-free meal periods for at least thirty (30) minutes for each five (5) hour work period, as required by Labor Code section 512 ad the applicable Wage Order.

86.     Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period Sub-Class** with a second meal period when they worked shifts of ten or more hours and failed to pay them premium wages as required by Labor Code 512 and the applicable Wage Order.

87.     Moreover, Defendants written policies do not provide that employees must take their first meal period before the end of the fifth hour of work, that they are entitled to a second meal period if they work a shift of over ten hours, or that the second meal period must commence before the end of the tenth hour of work, unless waived.

88.     At all relevant times, Defendants failed to pay Plaintiff and the **Meal Period Sub-**

1  **Class** members additional premium wages, and/or were not paid premium wages at the employees'
2  regular rates of pay when required meal periods were not provided.

3        89.    Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of himself
4  and the **Meal Period Sub-Class** members who were not provided with a compliant meal period and
5  not paid premium wages, and; therefore, seek to recover unpaid premium wages, interest thereon,
6  and costs of suit.

7        90.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the
8  substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and
9  the **Meal Period Sub-Class** members, seek to recover reasonable attorneys' fees.

10  

**THIRD CAUSE OF ACTION**

11  **FAILURE TO PROVIDE REST PERIODS**

12  **(Lab. Code §§ 204, 223, 226.7 and 1198)**

13  **(Plaintiff and Rest Period Sub-Class)**

14        91.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged
15  herein.

16        92.    At all relevant times, Plaintiff and the **Rest Period Sub-Class** members have been
17  non-exempt employees of Defendants entitled to the full rest period protections of both the Labor
18  Code and the applicable Wage Order.

19        93.    Section 12 of the applicable Wage Order imposes an affirmative obligation on
20  employers to permit and authorize employees to take required rest periods at a rate of no less than
21  ten minutes of net rest time for each four hour work period, or major fraction thereof, that must be
22  in the middle of each work period insofar as practicable.

23        94.    Labor Code section 226.7 and Section 12 of the applicable Wage Order both prohibit
24  employers from requiring employees to work during required rest periods and require employers to
25  pay non-exempt employees an hour of premium wages at the employees' regular rates of pay, on
26  each workday that the employee is not provided with the required rest period(s).

27        95.    Compensation for missed rest periods constitutes wages within the meaning of Labor
28  Code section 200.

96. Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

97. Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing members of the **Rest Period Sub-Class** with net rest period of at least ten minutes for each four hour work period, or major fraction thereof, as required by the applicable Wage Order.

98. At all relevant times, Defendants failed to pay Plaintiff and the **Rest Period Sub-Class** members additional premium wages when required rest periods were not provided.

99. Specifically, Defendants written policies do not provide that employees may take a rest period for each four hours worked, or major fraction thereof, and that rest periods should be taken in the middle of each work period insofar as practicable.

100. Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of himself and **Rest Period Sub-Class** members who were not provided with a complaint rest period and were not paid premium wages, and; therefore, seek to recover unpaid premium wages, interest thereon, and costs of suit.

101. Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Rest Period Sub-Class** members, seek to recover reasonable attorneys' fees.

## FOURTH CAUSE OF ACTION

### FAILURE TO PAY HOURLY AND OVERTIME WAGES

### (Lab. Code §§ 223, 510, 1194, 1197 and 1198)

### (Plaintiff and Hourly Employee Class)

102. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

103. At all relevant times, Plaintiff and **Hourly Employee Class** members are or have been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the applicable Wage Order.

104. Section 2 of the applicable Wage Order defines "hours worked" as "the time during

19

1 which an employee is subject to the control of the employer, and includes all the time the employee
2 is suffered or permitted to work, whether or not required to do so."

3     105.    Section 4 of the applicable Wage Order requires an employer to pay non-exempt
4 employees at least the minimum wage set forth therein for all hours worked, which consist of all
5 hours that an employer has actual or constructive knowledge that employees are working.

6     106.    Labor Code section 1194 invalidates any agreement between an employer and an
7 employee to work for less than the minimum or overtime wage required under the applicable Wage
8 Order.

9     107.    Labor Code section 1194.2 entitles non-exempt employees to recover liquidated
10 damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in
11 addition to the underlying unpaid minimum wages and interest thereon.

12     108.    Labor Code section 1197 makes it unlawful for an employer to pay an employee less
13 than the minimum wage required under the applicable Wage Order for all hours worked during a
14 payroll period.

15     109.    Labor Code section 1197.1 provides that it is unlawful for any employer or any other
16 person acting either individually or as an officer, agent or employee of another person, to pay an
17 employee, or cause an employee to be paid, less than the applicable minimum wage.

18     110.    Labor Code section 1198 makes it unlawful for employers to employ employees
19 under conditions that violate the applicable Wage Order.

20     111.    Labor Code section 204 requires employers to pay non-exempt employees their
21 earned wages for the normal work period at least twice during each calendar month on days the
22 employer designates in advance and to pay non-exempt employees their earned wages for labor
23 performed in excess of the normal work period by no later than the next regular payday.

24     112.    Labor Code section 223 makes it unlawful for employers to pay their employees
25 lower wages than required by contract or statute while purporting to pay them legal wages.

26     113.    Labor Code section 510 and Section 3 of the applicable Wage Order require
27 employees to pay non-exempt employees overtime wages of no less than one and one-half times
28 their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all

1 hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on
2 the seventh consecutive day of one workweek.

3     114.    Labor Code section 510 and Section 3 of the applicable Wage Order also require
4 employers to pay non-exempt employees overtime wages of no less than two times their respective
5 regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours
6 worked in excess of eight hours on a seventh consecutive workday during the workweek.

7     115.    Plaintiff is informed and believes that, at all relevant times, Defendants have applied
8 centrally devised policies and practices to him and **Hourly Employee Class** members with respect
9 to working conditions and compensation arrangements.

10     116.    At all relevant times, Defendants failed to pay hourly wages to Plaintiff and **Hourly**
11 **Employee Class** members for all time worked, including but not limited to, overtime hours at
12 statutory and/or agreed rates.

13     117.    At all relevant times, Defendants failed to pay hourly wages to Plaintiff for all time
14 worked, including but not limited to, overtime wages, at statutory and/or agreed rates by suffering
15 or permitting him to work off-the-clock while putting on and taking off protective and/or sanitary
16 gear over his clothing.

17     118.    Plaintiff is informed and believes that, at all relevant times during the applicable
18 limitations period, Defendants maintained a policy or practice of not paying hourly wages to
19 **Hourly Employee Class** members for all time worked, including but not limited to, overtime
20 wages, at statutory and/or agreed rates by suffering or permitting them to work off-the-clock while
21 putting on and taking off protective and/or sanitary gear over their clothing.

22     119.    During the relevant time period, Defendants failed to pay Plaintiff and **Hourly**
23 **Employee Class** members all earned wages every pay period at the correct rates, including
24 overtime rates, because Defendants directed, permitted or otherwise encouraged Plaintiff and
25 **Hourly Employee Class** members to perform off-the-clock work.

26     120.    As a result of Defendants' unlawful conduct, Plaintiff and **Hourly Employee Class**
27 members have suffered damages in an amount, subject to proof, to the extent they were not paid the
28 full amount of wages earned during each pay period during the applicable limitations period,

1 including overtime wages.

2   121. Pursuant to Labor Code sections 204, 218.6, 223, 510, 1194 and 1194.2, Plaintiff, on

3 behalf of himself and **Hourly Employee Class** members, seek to recover unpaid straight time and

4 overtime wages, interest thereon and costs of suit.

5   122. The regular rate of pay under California law includes all remuneration for

6 employment paid to, on behalf of, the employee. This requirement includes but is not limited to,

7 non-discretionary bonuses.

8   123. During the applicable limitations period, Defendants violated the rights of Plaintiff

9 and **Hourly Employee Class** members under the above-referenced Labor Code sections by failing

10 to pay them overtime wages for all overtime hours worked in violation of Labor Code sections 510,

11 1194 and 1198 by not correctly calculating their regular rate of pay to include all applicable

12 remuneration, including but not limited to, non-discretionary bonuses.

13   124. California law uses the terms "compensation" and "pay" interchangeably and

14 requires that all applicable remuneration, including but not limited to, non-discretionary bonuses, be

15 included when calculating an employee's regular rate of pay.

16   125. At all relevant times, Defendants paid Plaintiff premium wages based on a rate of

17 compensation that did not reflect, among other things, non-discretionary bonuses, as required by

18 Labor Code section 226.7(b) and Sections 11 and 12 of the applicable Wage Order on the occasions

19 when Defendants paid him premium wages in lieu of meal and/or rest periods.

20   126. Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

21 during the applicable limitations period, Defendants maintained a policy or practice of paying

22 **Hourly Employee Class** members premium wages based on rates of compensation that have not

23 reflected non-discretionary bonuses as required by Labor Code section 226.7(b) and Sections 11

24 and 12 of the applicable Wage Order on the occasions when Defendants paid them premium wages

25 in lieu of meal and/or rest periods.

26   127. Plaintiff, on behalf of himself and **Hourly Employee Class** members, who were not

27 paid all hourly wages, seek to recover unpaid wages, interest thereon, and costs of suit.

28   128. Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and

**Hourly Employee Class** members, seek to recover reasonable attorneys' fees.

**FIFTH CAUSE OF ACTION**

**FAILURE TO INDEMNIFY**

**(Lab. Code § 2802)**

**(Plaintiff and Expense Reimbursement Class)**

129.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

130.    Labor Code section 2802(a) states:

> "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

131.    At all relevant times during the applicable limitations period, Plaintiff and the **Expense Reimbursement Class** members incurred necessary business-related expenses and costs, including but not limited to, use of their personal cell phones.

132.    Plaintiff is informed and believes, and thereupon alleges that the reimbursement paid by Defendants was insufficient to indemnify Plaintiff and **Expense Reimbursement Class** members who were not fully reimbursed for all necessary business expenses incurred in the discharge of their duties.

133.    Plaintiff is informed and believes and thereupon alleges that the reimbursement paid by Defendants was insufficient to indemnify **Expense Reimbursement Class** members who were not reimbursed for all necessary business expenses incurred in the discharge of their duties.

134.    Plaintiff is informed and believes that, during the applicable limitations period, Defendants maintained a policy or practice of not reimbursing Plaintiff and **Expense Reimbursement Class** members who were not fully reimbursed for all necessary business expenses.

135.    Accordingly, Plaintiff and **Expense Reimbursement Class** members who were not fully reimbursed for all business expenses are entitled to restitution for all unpaid amounts due and

owing to within four years of the date of the filing of the Complaint and until the date of entry of judgment.

136. Plaintiff, on behalf of himself, and **Expense Reimbursement Class** members who were not fully reimbursed for all business expenses, seek interest thereon and costs pursuant to Labor Code section 218.6, and reasonable attorneys' fees pursuant to Code of Civil Procedure section 1021.5.

**SIXTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS**

**(Lab. Code § 226)**

**(Plaintiff and Wage Statement Penalties Sub-Class)**

137. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

138. Labor Code section 226(a) states:

> "An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, 'copy' includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision."

139. The Division of Labor Standards Enforcement ("DLSE") has sought to harmonize the "detachable part of the check" provision and the "accurate itemized statement in writing"

24

CLASS ACTION COMPLAINT

provision of Labor Code section 226(a) by allowing for electronic wage statements so long as each employee retains the right to elect to receive a written paper stub or record and that those who are provided with electronic wage statements retain the ability to easily access the information and convert the electronic statements into hard copies at no expense to the employee. (DLSE Opinion Letter July 6, 2006).

140. Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements as described above.

141. Plaintiff is informed and believes that Defendants' failure to provide him and **Wage Statement Penalties Sub-Class** members with accurate written wage statements were intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants have known do not comply with Labor Code section 226(a).

142. Plaintiff and **Wage Statement Penalties Sub-Class** members have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned. In addition, inaccurate information on their wage statements have prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and deductions to federal and state government agencies.

143. Pursuant to Labor Code section 226(e), Plaintiff, on behalf of himself and **Wage Statement Penalties Sub-Class** members who were not provided a compliant accurate written wage statement, seek the greater of actual damages or $50.00 for the initial pay period in which a violation of Labor Code section 226(a) occurred, and $100.00 for each subsequent pay period in which a violation of Labor Code section 226(a) occurred, not to exceed an aggregate penalty of $4000.00 per class member, as well as awards of reasonable attorneys' fees and costs.

///

# SEVENTH CAUSE OF ACTION

## FAILURE TO TIMELY PAY ALL FINAL WAGES

### (Lab. Code §§ 201-203)

### (Plaintiff and Waiting Time Penalties Sub-Class)

144. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

145. At all relevant times, Plaintiff and certain **Waiting Time Penalties Sub-Class** members have been entitled, upon the end of their employment with Defendants, to timely payment of all wages earned and unpaid before termination or resignation.

146. At all relevant times, pursuant to Labor Code section 201, employees who have been discharged have been entitled to payment of all final wages immediately upon termination.

147. At all relevant times, pursuant to Labor Code section 202, employees who have resigned after giving at least seventy-two (72) hours notice of resignation have been entitled to payment of all final wages at the time of resignation.

148. At all relevant times, pursuant to Labor Code section 202, employees who have resigned after giving less than seventy-two (72) hours notice of resignation have been entitled to payment of all final wages within seventy-two (72) hours of giving notice of resignation.

149. During the applicable limitations period, Defendants failed to pay Plaintiff all of his final wages in accordance with the Labor Code by failing to timely pay him all of his final wages.

150. Plaintiff is informed and believes that, at all relevant time during the applicable limitations period, Defendants have failed to timely pay certain **Waiting Time Penalties Sub-Class** members all of their final wages in accordance with the Labor Code.

151. Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have maintained a policy or practice of paying certain **Waiting Time Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code sections 201 or 202 by failing to timely pay them all final wages.

152. Plaintiff is informed and believes and thereupon alleges that Defendants' failure to timely pay all final wages to him and certain **Waiting Time Penalties Sub-Class** members have

1 | been willful in that Defendants have the ability to pay final wages in accordance with Labor Code
2 | sections 201 and/or 202 but have intentionally adopted policies or practices that are incompatible
3 | with those requirements.

4 |       153.   Pursuant to Labor Code sections 203 and 218.6, Plaintiff, on behalf of himself and
5 | certain **Waiting Time Penalties Sub-Class** members, seek waiting time penalties from the dates
6 | that their final wages have first become due until paid, up to a maximum of thirty days, and interest
7 | thereon.

8 |       154.   Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine
9 | and/or the common fund doctrine, Plaintiff, on behalf of himself and certain **Waiting Time**
10 | **Penalties Sub-Class** members, seek awards of reasonable attorneys' fees and costs.

11 | <u>**EIGHTH CAUSE OF ACTION**</u>

12 | **FAILURE TO PAY WAGES WITHOUT DISCOUNT**

13 | **(Lab. Code § 212)**

14 | **(Plaintiff and Pay Card Class)**

15 |       155.   Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged
16 | herein.

17 |       156.   At all relevant times, Plaintiff and the **Pay Card Class** members have been entitled
18 | to the protections of Labor Code section 212 which states:

19 |       "(a) No person, or agent or officer thereof, shall issue in payment of wages due, or to
20 | become due, or as an advance on wages to be earned:

21 |       (1) Any order, check, draft, note, memorandum, or other acknowledgment of indebtedness, unless it is negotiable and payable in cash, on demand, without discount, at some established place of business in the state, the name and address
22 | of which must appear on the instrument, and at the time of its issuance and for a reasonable time thereafter, which must be at least 30 days, the maker or drawer
23 | has sufficient funds in, or credit, arrangement, or understanding with the drawee for its payment.

24 |       (2) Any scrip, coupon, cards, or other thing redeemable, in merchandise or
25 | purporting to be payable or redeemable otherwise than in money."

26 |       157.   Defendants violated the Labor Code section 212 by issuing wages due in a non-
27 | negotiable manner which is not payable in cash at some place of business in the state without
28 | discount.

158. At times during his employment, Defendants paid Plaintiff his wages on a "pay card" or preloaded debit card. Plaintiff incurred fees when attempting to use the pay card at various business in California. Plaintiff incurred fees when attempting to cash the pay card.

159. Plaintiff was not given an itemized wage statement when paid with a pay card.

<u>**NINTH CAUSE OF ACTION**</u>

**UNFAIR COMPETITION**

**(Bus. & Prof. Code §§ 17200 *et seq*.)**

**(Plaintiff and UCL Class)**

160. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

161. Business and Professions Code section 17200 defines "unfair competition" to include any unlawful business practice.

162. Business and Professions Code section 17203-17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure section 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

163. California law requires employers to pay hourly, non-exempt employees for all hours they are permitted or suffered to work, including hours that the employer knows or reasonable should know that employees have worked.

164. Plaintiff and the **UCL Class** members re-alleges and incorporates the FIRST, SECOND, THIRD, and FOURTH causes of action herein.

165. Plaintiff lost money or property as a result of the aforementioned unfair competition.

166. Defendants have or may have acquired money by means of unfair competition.

167. Plaintiff is informed and believes and thereupon alleges that by committing the Labor Code violations described in this Complaint, Defendants violated Labor Code sections 215, 216, 225, 226.6, 354, 408, 553, 1175, 1199 and 2802, which make it a misdemeanor to commit the Labor Code violations alleged herein.

168. Defendants have committed criminal conduct through their policies and practices of,

28

1  *inter alia*, failing to comport with their affirmative obligations as an employer to provide non-
2  exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each
3  work period of five or more hours, failing to provide non-exempt employees with uninterrupted,
4  duty-free rest periods of at least ten minutes for each work period of four hours, by failing to pay
5  non-exempt employees for all hours worked, by failing to reimburse them for all expenses, and all
6  other allegations contained herein.

7      169.   At all relevant times, Plaintiff and **UCL Class** members have been non-exempt
8  employees and entitled to the full protections of both the Labor Code and the applicable Wage
9  Order.

10      170.   Defendants' unlawful conduct as alleged in this Complaint amounts to and
11  constitutes unfair competition within the meaning of Business and Professions Code section 17200
12  *et seq.* Business and Professions Code sections 17200 *et seq.* protects against unfair competition
13  and allows a person who has suffered an injury-in-fact and has lost money or property as a result of
14  an unfair, unlawful or fraudulent business practice to seek restitution on his own behalf and on
15  behalf of similarly situated persons in a class action proceeding.

16      171.   As a result of Defendants' violations of the Labor Code during the applicable
17  limitations period, Plaintiff has suffered an injury-in-fact and has lost money or property in the form
18  of earned wages. Specifically, Plaintiff has lost money or property as a result of Defendants'
19  conduct.

20      172.   Plaintiff is informed and believes that other similarly situated persons have been
21  subject to the same unlawful policies or practices of Defendants.

22      173.   Due to the unfair and unlawful business practices in violation of the Labor Code,
23  Defendants have gained a competitive advantage over other comparable companies doing business
24  in the State of California that comply with their legal obligations.

25      174.   California's Unfair Competition Law ("UCL") permits civil recovery and injunctive
26  for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act
27  violates or is considered unlawful under any other state or federal law.

28      175.   Accordingly, pursuant to Bus. & Prof. Code sections 17200 and 17203, Plaintiffs

1   request the issuance of temporary, preliminary and permanent injunctive relief enjoining

2   Defendants, and each of them, and their agents and employees, from further violations of the Labor

3   Code and applicable Industrial Welfare Commission Wage Orders; and upon a final hearing seek

4   an order permanently enjoining Defendants, and each of them, and their respective agents and

5   employees, from further violations of the Labor Code and applicable Industrial Welfare

6   Commission Wage Orders.

7        176.    Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of

8   himself and **UCL Class** members, seek declaratory relief and restitution of all monies rightfully

9   belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful

10   and unfair business practices.

11       177.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

12   and/or the common fund doctrine, Plaintiff and **UCL Class** members are entitled to recover

13   reasonable attorneys' fees in connection with their unfair competition claims.

14                   **PRAYER FOR RELIEF**

15       WHEREFORE, Plaintiff, on behalf of himself, all others similarly situated, and the general

16   public, prays for relief and judgment against Defendants as follows:

17          (1)     An order that the action be certified as a class action;

18          (2)     An order that Plaintiff be appointed class representative;

19          (3)     An order that counsel for Plaintiff be appointed class counsel;

20          (4)     Unpaid wages;

21          (5)     Actual damages;

22          (6)     Liquidated damages;

23          (7)     Restitution;

24          (8)     Declaratory relief;

25          (9)     Pre-judgment interest;

26          (10)    Statutory penalties;

27          (11)    Costs of suit;

28          (12)    Reasonable attorneys' fees; and

1           (13)    Such other relief as the Court deems just and proper.

2                        **DEMAND FOR JURY TRIAL**

3       Plaintiff, on behalf of himself, all other similarly situated, hereby demands a jury trial on all

4 issues so triable.

5

6 Dated: October 10, 2019             SETAREH LAW GROUP

7

8 

9

10                      SHAUN SETAREH
                     WILLIAM M. PAO

11                      ALEXANDRA R. MCINTOSH
                     Attorneys for Plaintiff

12                      RONNIE WILLIAMS

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Shaun Setareh (SBN 204514)<br>SETAREH LAW GROUP<br>315 South Beverly Drive, Suite 315<br>Beverly Hills, California 90212<br>TELEPHONE NO.: (310) 888-7771    FAX NO.: (310) 888-0109<br>ATTORNEY FOR *(Name)*: Plaintiff, Monica Dyakanoff | **F I L E D**<br>Superior Court of California<br>County of San Francisco<br><br>OCT 1 1 2019<br><br>CLERK OF THE COURT<br>BY: J. BAVELL<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister St.
MAILING ADDRESS: 400 McAllister St.
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: San Francisco Superior Court

CASE NAME:
Williams v. Perdue Farms Inc., et al

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>CGC-19-579954 |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22)<br>☐ Uninsured motorist (46)<br>**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**<br>☐ Asbestos (04)<br>☐ Product liability (24)<br>☐ Medical malpractice (45)<br>☐ Other PI/PD/WD (23)<br>**Non-PI/PD/WD (Other) Tort**<br>☐ Business tort/unfair business practice (07)<br>☐ Civil rights (08)<br>☐ Defamation (13)<br>☐ Fraud (16)<br>☐ Intellectual property (19)<br>☐ Professional negligence (25)<br>☐ Other non-PI/PD/WD tort (35)<br>**Employment**<br>☐ Wrongful termination (36)<br>☑ Other employment (15) | ☐ Breach of contract/warranty (06)<br>☐ Rule 3.740 collections (09)<br>☐ Other collections (09)<br>☐ Insurance coverage (18)<br>☐ Other contract (37)<br>**Real Property**<br>☐ Eminent domain/Inverse condemnation (14)<br>☐ Wrongful eviction (33)<br>☐ Other real property (26)<br>**Unlawful Detainer**<br>☐ Commercial (31)<br>☐ Residential (32)<br>☐ Drugs (38)<br>**Judicial Review**<br>☐ Asset forfeiture (05)<br>☐ Petition re: arbitration award (11)<br>☐ Writ of mandate (02)<br>☐ Other judicial review (39) | ☐ Antitrust/Trade regulation (03)<br>☐ Construction defect (10)<br>☐ Mass tort (40)<br>☐ Securities litigation (28)<br>☐ Environmental/Toxic tort (30)<br>☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)<br>**Enforcement of Judgment**<br>☐ Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>☐ RICO (27)<br>☐ Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>☐ Partnership and corporate governance (21)<br>☐ Other petition *(not specified above)* (43) |

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☑ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☑ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* Nine
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 11, 2019

Shaun Setareh, Esq.
_____
(TYPE OR PRINT NAME)             (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment (*non-domestic relations*)
Sister State Judgment
Administrative Agency Award (*not unpaid taxes*)
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
Declaratory Relief Only
Injunctive Relief Only (*non-harassment*)
Mechanics Lien
Other Commercial Complaint Case (*non-tort/non-complex*)
Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

 **CT Corporation**

**TO:**    Herbert Frerichs, General Counsel/Legal Department
Perdue Farms Inc.
31149 Old Ocean City Rd
Salisbury, MD 21804-1806

**RE:**    **Process Served in California**

**FOR:**    Coleman Natural Foods, LLC  (Domestic State: DE)
*According to our records representation services for this entity have been discontinued in this jurisdiction.*

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | RONNIE WILLIAMS, ETC., PLTF. vs. PERDUE FARMS INC., ETC., ET AL., DFTS. // TO: Coleman Natural Foods, LLC, etc. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Attachments, Notice, Stipulation |
| **COURT/AGENCY:** | San Diego County - Superior Court - San Diego, CA<br>Case # CGC19579954 |
| **NATURE OF ACTION:** | Employee Litigation - Failure to Provide Meal Periods |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/22/2019 at 15:26 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 calendar days after this summons |
| **ATTORNEY(S) / SENDER(S):** | Shaun Setareh<br>SETAREH LAW GROUP<br>315 South Beverly Drive, Suite 315<br>Beverly Hills, CA 90212<br>310-888-7771 |
| **REMARKS:** | CT still listed as the agent on the record of the Secretary of State of CA |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/23/2019, Expected Purge Date: 10/28/2019<br><br>Image SOP<br><br>Email Notification,  Kaye Wilgus  kaye.wilgus@perdue.com<br><br>Email Notification,  Drew Getty  Drew.getty@perdue.com<br><br>Email Notification,  HILLARY EVANS  hillary.evans@perdue.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1209 N Orange St<br>Wilmington, DE 19801-1120 |
| **For Questions:** | 866-401-8252<br>EastTeam2@wolterskluwer.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

*w/22/1 ?@?*

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PERDUE FARMS INC., a Maryland corporation; PERDUE FOODS LLC, a Maryland limited liability company; (See attachment)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
RONNIE WILLIAMS, on behalf of himself, all others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER: |
| *(El nombre y dirección de la corte es):* Hall of Justice | **37-2019-579954** |

330 W. Broadway, Room 225
San Diego, California 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shaun Setareh, Esq., 315 South Beverly Drive, Suite 315, Beverly Hills, California 90212, (310) 888-7771

| DATE: | | Clerk, by | , Deputy |
| *(Fecha)* | **OCT 11 2019** | *(Secretario)* Jacquline Larivotte | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**BY FAX**

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

**CLERK OF THE COURT**

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Coleman Natural Foods, LLC, a Delaware limited liability company

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☒ other *(specify):* Corporation Code:17061 (limited liability company)

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Williams v. Coleman Natural Foods, LLC. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

PETALUMA ACQUISITION, LLC; a Delaware limited liability company; COLEMAN NATURAL PRODUCTS, INC., a Delaware corporation; COLEMAN NATURAL FOODS, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive,

Page _____ of _____

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

DATE: MAR-11-2020

TIME: 10:30AM

PLACE: Department 610
400 McAllister Street
San Francisco, CA 94102-3680

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference. However, it would facilitate the issuance of a case management order — without an appearance — at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.11. For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION, AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.

SEE LOCAL RULE 4.

Plaintiff must serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint. (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a printed copy from the filing clerk. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to the Case Management Conference.

Superior Court Alternative Dispute Resolution Administrator
400 McAllister Street, Room 103-A
San Francisco, CA 94102
(415) 551-3855

See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.



# Superior Court of California, County of San Francisco
## Alternative Dispute Resolution
## Information Package



> The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action together with the cross-complaint. (CRC 3.221(c).)

## WHAT IS ADR?

Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to trial.

## WHY CHOOSE ADR?

It is the policy of the Superior Court that every long cause, non-criminal, non-juvenile case should participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial. (Local Rule 4.)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

**\*\*Electing to participate in an ADR process does not stop the time period to respond to a complaint or cross-complaint\*\***

## WHAT ARE THE ADR OPTIONS?

The San Francisco Superior Court offers different types of ADR processes for general civil matters. The programs are described below:

## 1) MANDATORY SETTLEMENT CONFERENCES

Settlement conferences are appropriate in any case where settlement is an option. The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute. Mandatory settlement conferences are ordered by the court and are often held near the date a case is set for trial, although they may be held earlier if appropriate. A party may elect to apply to the Presiding Judge for a specially set mandatory settlement conference by filing an ex parte application. See Local Rule 5.0 for further instructions. Upon approval by the Presiding Judge, the court will schedule the conference and assign a settlement conference officer.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO (BASF), in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending. Experienced professional mediators work with parties to arrive at a mutually agreeable solution. The mediators provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. BASF staff handles conflict checks and full case management. The success rate for the program is 67% and the satisfaction rate is 99%. BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the fee are available to those who qualify. For more information, call 415-982-1600 or email adr@sfbar.org.

(B) JUDICIAL MEDIATION PROGRAM provides mediation with a San Francisco Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage, toxic torts and industrial accidents. Parties may utilize this program at any time throughout the litigation process. Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court will coordinate assignment of cases for the program. There is no charge. Information about the Judicial Mediation Program may be found by visiting the ADR page on the court's website: www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

(C) PRIVATE MEDIATION: Although not currently a part of the court's ADR program, parties may select any private mediator of their choice. The selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

(D) COMMUNITY BOARDS MEDIATION SERVICES: Mediation services are offered by Community Boards (CB), a nonprofit resolution center, under the Dispute Resolution Programs Act. CB utilizes a three-person panel mediation process in which mediators work as a team to assist the parties in reaching a shared solution. To the extent possible, mediators are selected to reflect the demographics of the disputants. CB has a success rate of 85% for parties reaching a resolution and a consumer satisfaction rate of 99%. The fee is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available. For more information, call 415-920-3820 or visit communityboards.org.

### 3) ARBITRATION

An arbitrator is a neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

#### (A) JUDICIAL ARBITRATION

When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule 4.1 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after being assigned to judicial arbitration. There is no cost to the parties for judicial arbitration.

#### (B) PRIVATE ARBITRATION

Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

### HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's or court-affiliated ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet and available on the court's website); or
- Indicating your ADR preferences on the Case Management Statement (available on the court's website); or
- Contacting the court's ADR Department (see below), the Bar Association of San Francisco's ADR Services, or Community Boards.

For more information about ADR programs or dispute resolution alternatives, contact:

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103-A, San Francisco, CA 94102
415-551-3869
Or, visit the court's ADR page at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE AND FILE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT. YOU MUST ALSO CONTACT BASF OR COMMUNITY BOARDS TO ENROLL IN THEIR LISTED PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF OR COMMUNITY BOARDS.

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and address)

TELEPHONE NO.:

ATTORNEY FOR (Name):

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
400 McAllister Street
San Francisco, CA 94102-4514

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: _____ |
|---|---|

DEPARTMENT 610

1) **The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐ **Mediation Services of the Bar Association of San Francisco (BASF)** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐ **Mediation Services of Community Boards (CB)** -- Service in conjunction with DRPA, CB provides case development and one three-hour mediation session. Additional sessions may be scheduled. The cost is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available to those who qualify. communityboards.org

☐ **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐ **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

☐ **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐ 30-90 days ☐ 90-120 days ☐ Other (please specify) _____

☐ Other ADR process (describe) _____

2) The parties agree that the ADR Process shall be completed by (date): _____
3) Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____

_____     _____
Name of Party Stipulating                          Name of Party Stipulating

_____     _____
Name of Party or Attorney Executing Stipulation     Name of Party or Attorney Executing Stipulation

_____     _____
Signature of Party or Attorney                      Signature of Party or Attorney

☐ Plaintiff ☐ Defendant ☐ Cross-defendant     ☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Dated: _____          Dated: _____

☐ **Additional signature(s) attached**

ADR-2  10/18          **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**



**Service of Process Transmittal**
10/22/2019
CT Log Number 536488406

TO:     Herbert Frerichs, General Counsel/Legal Department
        Perdue Farms Inc.
        31149 Old Ocean City Rd
        Salisbury, MD 21804-1806

RE:     **Process Served in California**

FOR:    Perdue Foods LLC  (Domestic State: MD)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | RONNIE WILLIAMS, ETC., PLTF. vs. PERDUE FARMS INC., ETC., ET AL., DFTS. // TO: Perdue Foods, LLC, etc. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Attachments, Notice, Stipulation |
| **COURT/AGENCY:** | San Diego County - Superior Court - San Diego, CA Case # CGC19579954 |
| **NATURE OF ACTION:** | Employee Litigation - Failure to Provide Proper Disclosure in Violation of The FCRA |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/22/2019 at 15:26 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 calendar days after this summons |
| **ATTORNEY(S) / SENDER(S):** | Shaun Setareh SETAREH LAW GROUP 315 South Beverly Drive, Suite 315 Beverly Hills, CA 90212 310-888-7771 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/23/2019, Expected Purge Date: 10/28/2019 |
| | Image SOP |
| | Email Notification,  Kaye Wilgus  kaye.wilgus@perdue.com |
| | Email Notification,  Drew Getty  Drew.getty@perdue.com |
| | Email Notification,  HILLARY EVANS  hillary.evans@perdue.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1209 N Orange St Wilmington, DE 19801-1120 |
| **For Questions:** | 866-401-8252 EastTeam2@wolterskluwer.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

10/24/19 rec'd ~

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PERDUE FARMS INC., a Maryland corporation; PERDUE FOODS
LLC, a Maryland limited liability company; (See attachment)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
RONNIE WILLIAMS, on behalf of himself, all others similarly situated,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Hall of Justice
330 W. Broadway, Room 225
San Diego, California 92101

**Case Number:** *(Número del Caso):* 19-579954

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shaun Setareh, Esq., 315 South Beverly Drive, Suite 315, Beverly Hills, California 90212, (310) 888-7771

DATE: **OCT 1 1 2019**          Clerk, by _Jacqueline Parvote_, Deputy
*(Fecha)*                        *(Secretario)*                          *(Adjunto)*

BY FAX

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

CLERK OF THE COURT

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* Perdue Foods, LLC, a Maryland limited liability company

under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
       [X] other *(specify):* Corporation Code:17061 (limited liability company)
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

| SHORT TITLE:<br>Williams v. Coleman Natural Foods, LLC. | CASE NUMBER: |
|---|---|

### INSTRUCTIONS FOR USE

➜ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➜ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

PETALUMA ACQUISITION, LLC; a Delaware limited liability company; COLEMAN NATURAL PRODUCTS, INC., a Delaware corporation; COLEMAN NATURAL FOODS, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive,

Page _____ of _____

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

 CT Corporation

TO: Herbert Frerichs, General Counsel/Legal Department
Perdue Farms Inc.
31149 Old Ocean City Rd
Salisbury, MD 21804-1806

RE: **Process Served in California**

FOR: Perdue Foods LLC  (Domestic State: MD)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | RONNIE WILLIAMS, ETC., PLTF. vs. PERDUE FARMS INC., ETC., ET AL., DFTS. // TO: Perdue Foods, LLC, etc. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Attachments, Notice, Stipulation |
| **COURT/AGENCY:** | San Diego County - Superior Court - San Diego, CA Case # CGC19579954 |
| **NATURE OF ACTION:** | Employee Litigation - Failure to Provide Proper Disclosure in Violation of The FCRA |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/22/2019 at 15:26 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 calendar days after this summons |
| **ATTORNEY(S) / SENDER(S):** | Shaun Setareh SETAREH LAW GROUP 315 South Beverly Drive, Suite 315 Beverly Hills, CA 90212 310-888-7771 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/23/2019, Expected Purge Date: 10/28/2019 |
| | Image SOP |
| | Email Notification,  Kaye Wilgus  kaye.wilgus@perdue.com |
| | Email Notification,  Drew Getty  Drew.getty@perdue.com |
| | Email Notification,  HILLARY EVANS  hillary.evans@perdue.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1209 N Orange St Wilmington, DE 19801-1120 |
| **For Questions:** | 866-401-8252 EastTeam2@wolterskluwer.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

*10/24/17 38*

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PERDUE FARMS INC., a Maryland corporation; PERDUE FOODS
LLC, a Maryland limited liability company; (See attachment)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
RONNIE WILLIAMS, on behalf of himself, all others similarly situated,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Hall of Justice
330 W. Broadway, Room 225
San Diego, California 92101

*Case Number: (Número del Caso):* **19-579954**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shaun Setareh, Esq., 315 South Beverly Drive, Suite 315, Beverly Hills, California 90212, (310) 888-7771

DATE: **OCT 11 2019**       Clerk, by *Jacqueline Larkette*       , Deputy
*(Fecha)*                    *(Secretario)*                        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

BY FAX

CLERK OF THE COURT

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Perdue Foods, LLC, a Maryland limited liability company

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* Corporation Code:17061 (limited liability company)
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

| SHORT TITLE:                              | CASE NUMBER: |
|-------------------------------------------|--------------|
| Williams v. Coleman Natural Foods, LLC.   |              |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff      ☑ Defendant      ☐ Cross-Complainant      ☐ Cross-Defendant

PETALUMA ACQUISITION, LLC; a Delaware limited liability company; COLEMAN NATURAL PRODUCTS, INC., a Delaware corporation; COLEMAN NATURAL FOODS, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive,

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:<br>ATTORNEY FOR (Name): | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>400 McAllister Street<br>San Francisco, CA 94102-4514 | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: _____<br>**DEPARTMENT 610** |
|---|---|

**1)   The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐   **Mediation Services of the Bar Association of San Francisco (BASF)** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐   **Mediation Services of Community Boards (CB)** – Service in conjunction with DRPA, CB provides case development and one three-hour mediation session. Additional sessions may be scheduled. The cost is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available to those who qualify. communityboards.org

☐   **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐   **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

☐   **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐ 30-90 days   ☐ 90-120 days   ☐ Other (please specify) _____

☐   **Other ADR process (describe)** _____

**2)   The parties agree that the ADR Process shall be completed by (date):** _____

**3)   Plaintiff(s) and Defendant(s) further agree as follows:**

_____

| | |
|---|---|
| _____<br>Name of Party Stipulating | _____<br>Name of Party Stipulating |
| _____<br>Name of Party or Attorney Executing Stipulation | _____<br>Name of Party or Attorney Executing Stipulation |
| _____<br>Signature of Party or Attorney | _____<br>Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated: _____ | Dated: _____ |

☐   *Additional signature(s) attached*

_____

ADR-2   10/18                **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**