**NOTICE OF PROPOSED CLASS ACTION AND PAGA SETTLEMENT**

*Williams v. Perdue Farms, Inc., et al.*
Case No. 3:19-cv-07671-MMC
United States District Court, Northern District of California

**THIS IS A COURT-AUTHORIZED NOTICE.
IT IS NOT A SOLICITATION.
PLEASE READ THIS NOTICE CAREFULLY ABOUT YOUR LEGAL RIGHTS.**

**To: Current and former employees of Defendants Perdue Farms, Inc., Perdue Foods LLC, Petaluma Acquisition, LLC, Coleman Natural Products, Inc., and Coleman Natural Foods, LLC (collectively referred to as the "Defendants") who worked at any time from October 11, 2015 until February 11, 2022.**

| GENERAL INFORMATION |
|---|

**1.    Why did I get this notice?**

The Court has preliminarily approved a settlement (the "**Settlement**") of the lawsuit, *Williams v. Perdue Farms, Inc., et al*, Case No. 3:19-cv-07671-MMC, United States District Court, Northern District of California (the "**Lawsuit**"). The Settlement is made on behalf of several proposed classes, which are defined as follows:

  a. Cause of Action No. 2 – Failure to Provide Meal Periods: All persons employed by Defendants at any time in an hourly or non-exempt position in California from May 26, 2019 until February 11, 2022.

  b. Cause of Action No. 3 – Failure to Provide Rest Periods: All persons employed by Defendants at any time in an hourly or non-exempt position in California from October 11, 2015 until February 11, 2022.

  c. Cause of Action No. 4 -- Failure to Pay Hourly Wages: All persons employed by Defendants at any time in an hourly or non-exempt position in California from May 26, 2019 until February 11, 2022.

  d. Cause of Action No. 5 -- Failure to Indemnify: All persons employed by Defendants in California who incurred business expenses at any time from October 11, 2015 until February 11, 2022.

  e. Cause of Action No. 6 – Failure to Provide Accurate Written Wage Statements: All persons employed by Defendants at any time in an hourly or non-exempt position in California from July 18, 2020 until February 11, 2022.

  f. Cause of Action No. 7 – Failure to Timely Pay All Final Wages: All persons employed by Defendants at any time in an hourly or non-exempt position in California who separated from their employment with Defendants at any time from May 26, 2019 until February 11, 2022.

  g. Cause of Action No. 8 -- Failure to Pay Wages Without Discount: All persons employed by Defendants at any time in California who were paid their wages with a pay card and were not paid all earned wages at any time from May 26, 2019 until February 11, 2022.

  h. Cause of Action No. 9 -- Unfair Competition: All persons employed by Defendants at any time in an hourly or non-exempt position in California from May 26, 2019 until February 11, 2022.

Members of one or more of these class definitions are defined herein as "**Class Member(s)**." The time periods specified in each of the above class definitions are defined herein as "**Class Period(s)**."

You received this notice because Defendants' records show that you worked at some time for one or more Defendants as an employee who is included in one of the classes defined above. This notice explains the Lawsuit, the Settlement, your legal rights, the benefits available to you, your eligibility for benefits, and how you may obtain them.

**2.   What is this Lawsuit about?**

In the Lawsuit, Plaintiff Ronnie Williams ("**Plaintiff**" or "**Class Representative**") claims that Defendants violated sections of the California Labor Code and the California Business and Professions Code. Specifically, Plaintiff alleges that Defendants failed to pay all minimum and overtime wages due, failed to provide compliant meal and rest breaks, failed to pay all due final wages upon termination, failed to provide compliant wage statements, failed to reimburse for all business expenses, failed to pay wages without discounts, and maintained unfair business practices. The settlement also seeks to recover civil penalties pursuant to the California Private Attorneys General Act ("**PAGA**"). The Lawsuit also brings a claim against Defendants for violation of the Fair Credit Reporting Act ("**FCRA**"). As part of the Settlement, however, Plaintiff agrees to dismiss the FCRA claim without prejudice. Defendants deny the allegations in the Lawsuit and contend that they complied with the law. The Court has not made a ruling on the merits of the case.

**3.   Why is this a class action?**

In a class action, one or more people, called class representative(s) (in this case, the Plaintiff), sue on behalf of people who appear to have similar claims (in this case, the Class Members defined above). One court resolves the issues for all class members in one lawsuit, except for those who exclude themselves from the class. The Lawsuit is before the United States District Court for the Northern District of California (the "**Court**").

**4.   How do I know if I am part of the Settlement?**

You are part of the Settlement and, therefore, a Class Member if you fit within at least one of the definitions of Class Members set forth above in Section 1 of this Notice.

**5.   Do I have a lawyer in this case?**

The Court has appointed Class Counsel listed below to represent your interests in this case:

> Shaun Setareh, Esq.
> William M. Pao, Esq.
> SETAREH LAW GROUP
> 9665 Wilshire Boulevard, Suite 430
> Beverly Hills, California 90212
> Tel.: (310) 888-7771

**6.   What is the settlement amount and how will the Individual Settlement Payment be calculated?**

The Settlement provides that Defendants will pay a maximum of One Million, Seven Hundred Seventy-Five Thousand Dollars and Zero Cents ($1,775,000) (the "**Maximum Settlement Amount**"). The "**Net Settlement Amount**" is the portion of the Maximum Settlement Amount that will be available for distribution to Class Members who do not submit timely and valid Request for Exclusion Forms ("**Settlement Class Members**"). The Net Settlement Amount is the Maximum Settlement Amount less the following amounts (which are subject to Court approval):

   A.   **Attorneys' Fees to Class Counsel:** Under the terms of the Settlement, Class Counsel are allowed to seek attorneys' fees to be paid from the Maximum Settlement Amount. Class Counsel have elected to seek $443,750.

   B.   **Litigation Costs/Expenses to Class Counsel:** Not to exceed $25,000;

C. **Service Payment to the Class Representative:** $7,500;

D. **Settlement Administration Costs:** Currently estimated to be no more than $20,000;

E. **PAGA Payment to the California Labor & Workforce Development Agency ("LWDA"):** $75,000. This represents 75% of the $100,000 allocated to PAGA penalties, the remainder ($25,000) of which will be included in the Net Settlement Amount and distributed to participating Class Members.

Class Counsel will file a motion (the "**Motion**") for attorneys' fees, litigation costs, and a service payment to the Class Representative. Both the Settlement and the Motion will be on file with the Court and available for review at [website URL] no later than March 8, 2022.

The portion of the Net Settlement Amount to which you are entitled ("**Individual Settlement Payment**") will be determined on a *pro rata* basis, based on the number of workweeks you worked in California as a Class Member during the Class Periods ("**Workweek(s)**"). More specifically, "Workweek" means a consecutive 7-day period starting on and including Monday through and including Sunday during which time the Defendants' records reflect that you (a Class Member) worked any amount of time and do not include weeks when you (a Class Member) were on paid time off, a leave of absence, jury duty, or the like for the entire 7-day period. Each Class Member will be credited with at least one Workweek.

Your Individual Settlement Payment will be apportioned 25% as wages and 75% as penalties and interest. The wage portion of the Individual Settlement Payment will be subject to any legally mandated tax withholding for the employee and will be reported on an IRS Form W-2. Employer-side payroll taxes will be paid separately by Defendants. The penalties and interest portions of each Individual Settlement Payment will not be subject to any withholdings and will be reported on an IRS Form 1099.

7. **How much will my Individual Settlement Payment be?**

You worked XXX Workweeks during the Class Periods that apply to your employment with Defendants. Your estimated Individual Settlement Payment is $XXX.XX. The amount of your Individual Settlement Payment may change depending on the number of timely and valid Request for Exclusion Forms submitted by Class Members, if any. This amount is only an estimate. The actual Individual Settlement Payment you receive may be slightly more or less than the estimated amount shown.

Your estimated Individual Settlement Payment was determined based on Defendants' record of your employment during the relevant Class Periods.

8. **What can I do if I think that the calculation of my Workweeks is wrong?**

If you dispute the accuracy of the calculation of the number of Workweeks that you worked during the Class Periods, you must contact the Settlement Administrator and provide any documentation you have supporting your challenge of the calculation and supporting your calculation. Submission of this information and supporting documents must be postmarked no later than April 22, 2022. All disputes regarding your Workweeks will be resolved and decided by the Settlement Administrator, and the Settlement Administrator's decision on all disputes will be final. The Settlement Administrator's contact information is listed below:

Simpluris, Inc.
[Address]
[Telephone Number]

### HOW CAN I GET A PAYMENT?

9. **How do I get my Individual Settlement Payment?**

You do not need to do anything to get your Individual Settlement Payment after the Court approves the Settlement. You must notify the Settlement Administrator of any change or correction in your contact

information.  **It is your responsibility to keep the Settlement Administrator informed of any change in your address.**

10. <u>**What am I giving up to get an Individual Settlement Payment?**</u>

Unless you exclude yourself, you remain a Class Member for the settlement, which means that you will not be able to sue or be part of any other lawsuit against the "Released Parties" for any of the "Released Claims" in this Lawsuit. Specifically, you will be giving up or "releasing" the "Released Claims" described below:

"**Released Claims**" by Settlement Class Members means all claims, causes of action, as well as all predicate claims based on the facts and/or legal theories alleged in the Lawsuit and Plaintiff's letter dated October 10, 2019 to the LWDA (the "**PAGA Letter**"), or reasonably could have been alleged based on the facts and legal theories alleged in the Lawsuit and the PAGA Letter, including the following claims: (1) all claims for meal period violations, including claims for late, short, interrupted and/or missed meal periods and/or the failure to pay premiums, and the alleged failure to properly record meal periods; (2) all claims for rest break violations, including claims for late, short, interrupted, missed, or otherwise improperly controlled rest breaks and/or the failure to pay premiums; (3) all claims for unpaid wages, including claims for minimum, overtime, and double-time wages, the alleged failure to pay for all time worked, and the alleged failure to pay for all hours worked at correct rates, including overtime at the correct rates; (4) all claims for unreimbursed expenses, including expenses incurred for personal cell phone usage and mileage; (5) all claims for improper or inaccurate itemized wage statements, including alleged violations of Labor Code Section 226(a)(1)-(9) as well as claims for injuries suffered therefrom; (6) all claims for the untimely payment of final wages and associated waiting time penalties under Labor Code Section 203; (7) all claims for failure to pay wages without discount, violations of section 212 of the California Labor Code; (8) all claims under the Business & Professions Code (including Section 17200 *et seq.*); (9) all claims for civil penalties under the Labor Code Private Attorneys General Act of 2004, Labor Code Section 2699 *et seq.*; other claims for penalties under the wage and hour laws pleaded in the Lawsuit and in the PAGA Letter; and all damages, penalties, interest and other amounts recoverable under all claims under California and federal law (collectively, the "Released Claims.") The period of the release shall extend to the limits of the Class Periods, which extends from the start date of the Class Period for each individual claim until February 11, 2022. The *res judicata* effect of the judgment will be the same as that of the release.

"**Released Parties**" means Perdue Farms, Inc., Perdue Foods LLC, Petaluma Acquisition, LLC, Coleman Natural Products, Inc., and Coleman Natural Foods, LLC (collectively, the "Defendants") and each of the Defendants' past, present and/or future, direct and/or indirect, officers, directors, members, managers, employees, agents, representatives, attorneys, insurers, partners, investors, shareholders, franchisees, administrators, parent companies, subsidiaries, affiliates, divisions, predecessors, successors, and assigns.

| **EXCLUDING YOURSELF FROM THE SETTLEMENT** |
|---|

11. <u>**How do I exclude myself from the Settlement?**</u>

If you want to keep the right to sue or continue to sue Defendants with respect to the Released Claims, then you must submit a Request for Exclusion Form in conformity with the requirements described here. **<u>If you exclude yourself, you will not receive an Individual Settlement Payment.</u>**

To exclude yourself from the Settlement, you must submit a signed Request for Exclusion Form, a copy of which is enclosed with this Notice.

The Request for Exclusion Form must be mailed to the Settlement Administrator at the address listed below, postmarked by April 22, 2022. You cannot exclude yourself by phone.

Simpluris, Inc.
[Address]
[Telephone Number]

Page 4 of 6
**QUESTIONS? CALL TOLL FREE 1-800-**[telephone number]
**VIEW DOCUMENTS RELATED TO THIS SETTLEMENT AT**: [website URL]

Request for Exclusion Forms that are postmarked after April 22, 2022 will not be accepted.

**12.     If I don't exclude myself, can I sue Defendants for the Released Claims later?**

No. Unless you timely submit a Request for Exclusion Form, you will give up the right to sue Defendants and the Released Parties for the Released Claims. If you have a pending lawsuit involving the Released Claims, speak to your lawyer immediately.

## OBJECTING TO THE SETTLEMENT

**13.     How do I tell the Court that I don't like the Settlement?**

If you are a Settlement Class Member, you can object to the Settlement and give your reasons to the Court for why you think the Court should not approve it. Your objections must be made in writing. To make a written objection, you must mail your objection to the Settlement Administrator postmarked no later than April 22, 2022.

Your objection must be signed and must include your: (1) full name, (2) address, (3) the name of this case and case number (provided above), (4) the last four digits of your Social Security number and/or your Employee ID number, (5) whether you intend to appear at the Final Approval Hearing, and (6) the specific reason(s) for your objection.

**14.     What is the difference between objecting and being excluded?**

Objecting is telling the Court that you do not like something about the Settlement. You may only object if you remain a Settlement Class Member. Excluding yourself is telling the Court that you do not want to be a Settlement Class Member. If you exclude yourself, you cannot object.

## THE COURT'S FINAL APPROVAL HEARING

**15.     When and where will the Court decide whether to approve the Settlement?**

The Court will hold the Final Approval Hearing at 9:00 a.m. on July 1, 2022, at Courtroom 7 of the United States District Court for the Northern District of California located on the 19th floor at 450 Golden Gate Avenue, San Francisco, California 94102.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, and determine whether to grant final approval of the Settlement. If there are objections, the Court will consider them. Additionally, the Court will determine whether to grant Class Counsel's motion for attorneys' fees, litigation costs, and service payment to the Class Representative.

**16.     Do I have to come to the hearing?**

No. If you agree to the Settlement, then you do not have to come to Court to talk about it. However, you may attend if you wish. You may also retain your own lawyer at your expense to attend on your behalf.

**17.     How will I learn if the Settlement is approved?**

A notice of final judgment will be posted on the Settlement website located at [WEBSITE URL].

**18.     What happens if I do nothing at all?**

If you do nothing, you will receive your share of the Net Settlement Amount as an Individual Settlement Payment and you will release the Released Claims. You will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or any of the Released Parties with respect to the Released Claims.

| GETTING MORE INFORMATION |
|---|

**19.     Who may I contact if I have questions about the Settlement?**

This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement by contacting the Settlement Administrator or by reviewing the Settlement Agreement and other documents filed in this matter online at [website URL] or by entering the case number above through PACER (pacer.uscourts.gov). Alternatively, you may request a copy at the Office of the Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102.

**Please do not contact the Clerk of Court, the Judge, or Defendants' managers, supervisors, or their attorneys for information.**

| ADDITIONAL IMPORTANT INFORMATION |
|---|

20.     **The Defendants support the Settlement and will not retaliate in any manner whatsoever** against any Class Member, whether they choose to remain a Settlement Class Member and receive an Individual Settlement Payment, or request to be excluded from the Settlement, or object to the Settlement.

21.     **It is your responsibility to ensure that the Settlement Administrator has your current mailing address and telephone number on file**, as this will be the address to which your Individual Settlement Payment will be sent.

22.     **Individual Settlement Payment checks must be cashed soon after receipt**. If the Settlement is approved, you will be mailed your Individual Settlement Payment. The check will remain valid for 180 days after the date it is issued. If you do not cash the check sent for your Individual Settlement Payment within 180 days, these funds will be sent to the California State Controller and held by the State Controller's Office Unclaimed Property Fund on your behalf.