# EXHIBIT 1

# FIRST AMENDED JOINT STIPULATION OF CLASS ACTION AND PAGA SETTLEMENT AGREEMENT

## *Williams v. Perdue Farms, Inc., et al*
## Case No. 3:19-cv-07671-MMC
## United States District Court, Northern District of California

Subject to the Court's approval, the Parties have entered into this Agreement pursuant to the terms and conditions in this Joint Stipulation of Class Action and PAGA Settlement Agreement ("Agreement" or "Settlement Agreement") between the Plaintiff Ronnie Williams, individually and on behalf of the Settlement Class, and Defendants Perdue Farms, Inc., Perdue Foods LLC, Petaluma Acquisition, LLC, Coleman Natural Products, Inc., and Coleman Natural Foods, LLC (collectively referred to as the "Defendants").

## I.  DEFINITIONS

1. "Action" means the First Amended Complaint in *Williams v. Perdue Farms, Inc., P*erdue Foods LLC, Petaluma Acquisition, LLC, Coleman Natural Products, Inc., and Coleman Natural Foods, LLC, Case No. 3:19-cv-07671-MMC, United States District Court, Northern District of California filed on March 16, 2020.

2. "Claims" means all claims and causes of action alleged in the Action and the PAGA Letter (as defined herein).

3. "Class" is defined differently for each cause of action in the First Amended Complaint, as follows:

   a. Cause of Action No. 2 – Failure to Provide Meal Periods:  All persons employed by Defendants at any time in an hourly or non-exempt position in California from May 26, 2019 until the preliminary approval date.

   b. Cause of Action No. 3 – Failure to Provide Rest Periods:  All persons employed by Defendants at any time in an hourly or non-exempt position in California from October 11, 2015 until the preliminary approval date.

   c. Cause of Action No. 4 -- Failure to Pay Hourly Wages: All persons employed by Defendants at any time in an hourly or non-exempt position in California from May 26, 2019 until the preliminary approval date.

   d. Cause of Action No. 5 -- Failure to Indemnify: All persons employed by Defendants in California who incurred business expenses at any time from October 11, 2015 until the preliminary approval date.  This includes both non-exempt and exempt employees and will be specifically referred to as the "Reimbursement Class."

    e.      Cause of Action No. 6 – Failure to Provide Accurate Written Wage Statements: All persons employed by Defendants at any time in an hourly or non-exempt position in California from July 18, 2020 to the preliminary approval date.

    f.      Cause of Action No. 7 – Failure to Timely Pay All Final Wages: All persons employed by Defendants at any time in an hourly or non-exempt position in California who separated from their employment with Defendants at any time from May 26, 2019 to the preliminary approval date.

    g.      Cause of Action No. 8 -- Failure to Pay Wages Without Discount:  All persons employed by Defendants at any time in California who were paid their wages with a pay card and were not paid all earned wages at any time from May 26, 2019 to the preliminary approval date.

    h.      Cause of Action No. 9 -- Unfair Competition: All persons employed by Defendants at any time in an hourly or non-exempt position in California from May 26, 2019 until the preliminary approval date.

4.      "Class Counsel" means the Setareh Law Group and Shaun Setareh, Esq. and William M. Pao, Esq.

5.      "Class Counsel Award" means an award of attorneys' fees and reimbursement of litigation expenses and costs to Class Counsel and paid from the Maximum Settlement Amount.

6.      "Class Data" means information regarding Class Members that Defendants provides to the Settlement Administrator from its records. It shall be formatted as a Microsoft Excel spreadsheet and shall include each Class Member's full name, last known resident address, personal email address (if available), last known telephone number, and Social Security number; as well as information sufficient to allow the Settlement Administrator to calculate the number of Workweeks for all Class Members during the Class Period.

7.      "Class Members" means members of the Class.

8.      "Class Period" means the time periods set forth under the definition of "Class" in this Agreement.

9.      "Class Representative" or "Plaintiff" means Ronnie Williams.

10.    "Class Representative Service Award" or "Service Award" means the amount that the Court authorizes to be paid to the Class Representative from the Maximum Settlement Amount, which is in addition to his Individual Settlement Payment.

11. "Complaint" means the First Amended Complaint in *Williams v. Perdue Farms, Inc., P*erdue Foods LLC, Petaluma Acquisition, LLC, Coleman Natural Products, Inc., and Coleman Natural Foods, LLC, Case No. 3:19-cv-07671-MMC, United States District Court, Northern District of California filed on March 16, 2020.

12. "Court" means the United States District Court, Northern District of California.

13. "Defendants" mean Perdue Farms, Inc., Perdue Foods LLC, Petaluma Acquisition, LLC, Coleman Natural Products, Inc., and Coleman Natural Foods, LLC (collectively the "Defendants") as well as each of the Defendants' past, present and/or future, direct and/or indirect, officers, directors, members, managers, employees, agents, representatives, attorneys, insurers, partners, investors, shareholders, franchisees, administrators, parent companies, subsidiaries, affiliates, divisions, predecessors, successors, and assigns.

14. "Defense Counsel" or "Counsel for Defendant" means Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

15. "Effective Date" is the later of the following: (a) if no objections to the settlement are filed, then the date the Court enters judgment granting Final Approval; (b) if an objection to the settlement is filed, then the date when the time expires to file an appeal of the Court's Final Approval Order; or (c) if an objection is filed, as well as a timely Notice of Appeal of the Court's Final Approval Order, then the date the appeal is finally resolved, with the final approval unaffected.

16. "Final Approval Order" means the Court's order granting final approval of the Settlement.

17. "First Amended Complaint" means the First Amended Complaint in *Williams v. Perdue Farms, Inc., P*erdue Foods LLC, Petaluma Acquisition, LLC, Coleman Natural Products, Inc., and Coleman Natural Foods, LLC, Case No. 3:19-cv-07671-MMC, United States District Court, Northern District of California filed on March 16, 2020.

18. "Individual Settlement Payment" means the amount payable from the Net Settlement Amount to each Settlement Class Member.

19. "LWDA" means the Labor Workforce Development Agency.

20. "LWDA Payment" means the amount of the settlement allocated to the payment of civil penalties under the Private Attorneys' General Act of 2004 to be distributed to the LWDA.

21. "Maximum Settlement Amount" means the maximum sum to be paid by Defendants pursuant to this Settlement, which is one million seven hundred seventy five thousand dollars ($1,775,000). The Maximum Settlement Amount shall include all payments contemplated by this Settlement Agreement, including all Individual Settlement Payments to Settlement Class Members, the Service Award to Plaintiff, the Class Counsel Award to Class Counsel, the PAGA Penalties, and the Settlement Administration Costs to the Settlement Administrator. The Maximum Settlement Amount shall not include Defendants' share of taxes on the wages portion of Individual Settlement Payments, which will be paid by Defendants separately and in addition to the Maximum Settlement Amount.

3

22.   "Net Settlement Amount" means the Maximum Settlement Amount minus the Service Award, the Class Counsel Award, the LWDA Payment, and the Settlement Administration Costs.

23.   "Notice" means the Notice of Class Action and PAGA Settlement in a form substantially similar to the form attached as **Exhibit A**.

24.   "PAGA" means the Private Attorneys General Act of 2004, California Labor Code §§ 2698, *et seq*.

25.   "PAGA Letter" means Plaintiff's October 10, 2019 letter to the Labor & Workforce Development Agency.

26.   "PAGA Penalties" is the amount of $100,000, which shall be deducted from the Maximum Settlement Amount.  The PAGA Penalties shall be allocated as follows: twenty-five percent (25%) to the Net Settlement Amount for distribution to Settlement Class Members on a *pro rata* basis, and seventy-five percent (75%) to the LWDA pursuant to Cal. Lab. Code § 2699(i).

27.   "Parties" mean the Plaintiff and Defendants collectively, and "Party" shall mean either Plaintiff or Defendant, individually.

28.   "Payment Ratio" means the respective Workweeks for each non-exempt Settlement Class Member divided by the total Workweeks for all non-exempt Settlement Class Members.

   a.   "Reimbursement Class Ratio" means the respective Workweeks for each Reimbursement Class Member divided by the total Workweeks for all Reimbursement Class Members.

29.   "Preliminary Approval Date" means the date the Court enters the Preliminary Approval Order.

30.   "Preliminary Approval Order" means the Order granting preliminary approval of the Settlement.

31.   "Qualified Settlement Fund" means the fund set up by the Settlement Administrator into which the Maximum Settlement Amount shall be deposited and disbursements from it shall be made.

32.   "Released Claims" by Settlement Class Members means all Claims, causes of action, as well as all predicate claims based on the facts and/or legal theories alleged in the Action and the PAGA Letter, or reasonably could have been alleged based on the facts and legal theories alleged in the Action and the PAGA Letter, including the following claims: (1) all claims for meal period violations, including claims for late, short, interrupted and/or missed meal periods and/or the failure to pay premiums, and the alleged failure to properly record meal periods; (2) all claims for rest break violations, including claims for late, short, interrupted, missed, or otherwise improperly controlled rest breaks and/or the failure to pay premiums; (3) all claims for unpaid wages, including claims for minimum, overtime, and double-time wages, the alleged failure to pay for all time worked, and the alleged failure to pay for all hours worked at correct rates, including overtime at the correct rates; (4) all claims for unreimbursed expenses, including expenses incurred for personal cell phone usage and mileage; (5) all claims for

improper or inaccurate itemized wage statements, including alleged violations of Labor Code Section 226(a)(1)-(9) as well as claims for injuries suffered therefrom;(6) all claims for the untimely payment of final wages and associated waiting time penalties under Labor Code Section 203; (7) all claims for failure to pay wages without discount, violations of section 212 of the California Labor Code; (8) all claims under the Business & Professions Code (including Section 17200 et seq.); (9) all claims for civil penalties under the Labor Code Private Attorneys General Act of 2004, Labor Code Section 2699 et seq. ("PAGA"); other claims for penalties under the wage and hour laws pleaded in the Action and in the PAGA Letter; and all damages, penalties, interest and other amounts recoverable under all Claims under California and federal law (collectively, the "Released Claims.")  The period of the Release shall extend to the limits of the Covered Period, which extends from the start date of the class period for each individual claim until the preliminary approval date. The *res judicata* effect of the Judgment will be the same as that of the Release.

33.    "Released Parties" means Perdue Farms, Inc., Perdue Foods LLC, Petaluma Acquisition, LLC, Coleman Natural Products, Inc., and Coleman Natural Foods, LLC (collectively the "Defendants") and each of the Defendants' past, present and/or future, direct and/or indirect, officers, directors, members, managers, employees, agents, representatives, attorneys, insurers, partners, investors, shareholders, franchisees, administrators, parent companies, subsidiaries, affiliates, divisions, predecessors, successors, and assigns.

34.    "Request for Exclusion" refers to a formal request to be excluded from the Settlement as described herein.

35.    "Response Deadline" means forty-five (45) days after the Settlement Administrator initially mails the Notice to Class Members, and the last date on which Class Members may submit Requests for Exclusion, objections to the Settlement, and/or Disputes.

36.    "Settlement" means the settlement and resolution of the Action in accordance with this Agreement.

37.    "Settlement Administrator" means Simpluris, as approved by the Court.

38.    "Settlement Administration Costs" means the amount to be paid to the Settlement Administrator from the Maximum Settlement Amount for administration of this Settlement.

39.    "Settlement Class" is defined as all Class Members who do not request to be excluded from the Settlement Agreement.

40.    "Settlement Class Member" or "Settlement Class" means Class Members who do not submit a timely and valid Request for Exclusion and will be bound by the terms of the Agreement, including the Released Claims, and any final judgment entered in the Action.

41.    "Workweek" means a consecutive seven (7) day period starting on and including Monday through and including Sunday during which time the Class Data reflects that a given Settlement Class Member worked any amount of time, and does not include weeks when a Settlement Class Member was on PTO, leaves of absence,

jury duty, or the like for the entire 7-day period. Each Class Member will be credited with at least one (1) Workweek.

## II.    **RECITALS**

42.    <u>Class Certification</u>. The Parties stipulate and agree to certification of the Settlement Class for the purposes of this Settlement Agreement only and to agree that the Plaintiff shall be appointed as Class Representative, and that Setareh Law Group shall be appointed Class Counsel. Should the Settlement Agreement not obtain Court approval and become final and effective, class certification shall immediately be set aside and any order to certify the Settlement Class for settlement purposes shall be vacated. The Parties' stipulation to class certification as part of the Settlement Agreement shall not be considered in connection with the issue of whether a class should be certified in this Action, and shall not be admissible in any such proceeding other than in the context of this Settlement Agreement.

43.    <u>Procedural History</u>. On October 10, 2019, Plaintiff filed his PAGA Letter.  On October 11, 2019, Plaintiff filed a Class Action Complaint in the Superior Court of the State of California for the County of San Francisco. The action was removed to federal court.  On March 16, 2020, Plaintiff filed the First Amended Complaint, which is the operative Complaint in this Settlement Agreement.  On February 23, 2021, the Parties participated in a mediation with Louis Marlin, Esq., an experienced wage and hour class action mediator, and with the aid of the mediator's evaluation, the Parties agreed to settle the Action.

44.    <u>Benefits of Settlement Agreement to Settlement Class Members</u>.  Plaintiff and Class Counsel recognize the expense and length of continued proceedings necessary to litigate this Action tthrough trial and potential appeals.  Plaintiff has also taken into account the uncertainty and risk of the outcome of further litigation, and the difficulties and delays inherent in such proceedings.  Plaintiff and Class Counsel are also aware of the burdens of proof necessary to establish liability for the claims asserted in the Action, both generally and in response to Defendants' defenses, and the difficulties in establishing damages for Class Members.  Thus, Plaintiff and Class Counsel have determined that the terms set forth in this Settlement Agreement are fair, adequate and reasonable, and in the best interests of the Settlement Class Members.

45.    <u>Defendants' Reasons for Settlement Agreement</u>.  Defendants have concluded that further defense of this Action would be protracted and expensive for all Parties. Substantial amounts of Defendants' time and resources have been, and unless this Settlement Agreement is completed, will continue to be devoted to the defense of the Action.  Defendants have also taken into account the risks of further litigation in reaching their decision to enter into this Settlement Agreement. Defendants firmly contend that they are not liable for any of Plaintiff's claims, but have agreed to settle along the terms set forth in this Settlement Agreement to fully resolve the Action.

46.    <u>Class Members' Claims</u>.  The Class Representative claims that his allegations have merit in regards to the Class Members. Defendants claim that the Released Claims have no merit.   This Settlement Agreement is a compromise and settlement of disputed claims.  The amount to be paid by way of this Settlement Agreement is genuinely disputed and the Parties agree that the provisions of California Labor Code section 206.5 do not apply to this Settlement Agreement.

This Settlement Agreement may not be used as an admission by or against the Class Members or Class Counsel as to the merits of the claims asserted.

## III.    TERMS OF SETTLEMENT AGREEMENT

47.    <u>Settlement Agreement Consideration by Defendant.</u> Defendants shall pay the Maximum Settlement Amount of one million seven hundred seventy-five thousand dollars ($1,775,000). Defendants shall not pay anything more than the Maximum Settlement Amount unless required by the Modification section in this Settlement Agreement.

48.    <u>Modification of the Maximum Settlement Amount</u>. Defendants represented at the mediation that an extrapolation of the workweeks among the Rest Period Class is 127,515 workweeks from October 11, 2015 to February 23, 2021 (the "Extrapolation Period"). The Parties agree that if, once the actual data from the Extrapolation Period is reviewed, the actual number of workweeks is more than ten percent (10%) than 127,515, which would be more than 140,267 workweeks, then for each additional week worked by Settlement Class Members over that amount during the Extrapolation Period, the Maximum Settlement Amount will increase by $14.12 for each workweek.  For example, if the actual number of workweeks is 140,277 during the Extrapolation Period, then the Maximum Settlement Amount shall increase by the total amount of $141.20. If the total amount of actual data shows that the total number of workweeks is 140,267 or less, then the Maximum Settlement Amount will not be modified.

49.    <u>Release By Settlement Class Members.</u> Upon the Effective Date, Plaintiff and all Class Members who do not submit a timely and valid Request for Exclusion (i.e., Settlement Class Members) will be deemed to have fully, finally, and forever released, settled, compromised, relinquished, and discharged the Released Parties of all Released Claims.

50.    <u>General Release of Claims By the Named Plaintiff.</u>  As of the Effective Date of this Agreement, and in exchange for the consideration in this Settlement Agreement, Plaintiff and his heirs, successors and assigns, hereby waives, releases, acquits and forever discharges the Released Parties from any and all Released Claims as well as any and all claims, actions, charges, complaints, grievances and causes of action, of whatever nature, whether known or unknown, which exist or may exist on Plaintiff's behalf as of the date he signs this Settlement Agreement, including any and all tort claims, contract claims, claims for unpaid wages, wrongful termination claims, disability claims, benefit claims, public policy claims, retaliation claims, statutory claims, personal injury claims, emotional distress claims, invasion of privacy claims, defamation claims, fraud claims, quantum meruit claims, and any and all claims arising under any federal, state or other governmental statute, law, regulation or ordinance, including, but not limited to, claims for violation of the Fair Labor Standards Act, the California Labor Code, the Wage Orders of California's Industrial Welfare Commission, other state wage and hour laws, the Americans with Disabilities Act, the Employee Retirement Income Security Act, Title VII of the Civil Rights Act of 1964, the California Fair Employment and Housing Act, the California Family Rights Act, the Family Medical Leave Act, California's Whistleblower Protection Act, California Business & Professions Code Section 17200 *et seq.* Plaintiff expressly waives and relinquishes any and all claims, rights or benefits they may have under California Civil Code § 1542, which provides as follows: **"A general release does not extend to claims that the creditor or releasing**

**party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."** Plaintiff may later discover claims or facts in addition to, or different from, those which he knows or believes to exist, but he expressly agrees to fully, finally and forever settle and release any and all claims against the Released Parties, known or unknown, suspected or unsuspected, which exist or may exist at the time he signs this Settlement Agreement, including, but not limited to, any and all claims relating to or arising from Plaintiff's employment with Defendants. The Parties further acknowledge, understand and agree that this Settlement Agreement would not have been finalized without this representation and commitment from the Plaintiff.

51.   <u>Conditions Precedent</u>:   This Settlement Agreement will become final and effective only upon the occurrence of all of the following events: (a) the Court enters an order and judgment granting preliminary approval of the Settlement Agreement; (b) the Court enters an order granting final approval of the Settlement Agreement and a Final Judgment; and (c) the Effective Date occurs.

52.   <u>Nullification of Settlement Agreement</u>.   In the event that this Settlement Agreement is not finally approved by the Court, fails to become effective, or is reversed, withdrawn or modified by the Court, or in any way prevents or prohibits Defendants from obtaining a complete resolution of the claims as described herein, then (a) this Settlement Agreement shall be void and inadmissible in any judicial, administrative or arbitral proceeding for any purpose or with respect to any issue, substantive or procedural; (b) the conditional class certification for settlement purposes shall be void and not admissible in any judicial, administrative or arbitral proceeding for any purpose or with respect to any issue, substantive or procedural; and (c) none of the Parties to this Settlement Agreement will be deemed to have waived any claims, objections, defenses or arguments in the Action, including with respect to the issue of class certification.

53.   <u>Tax Liability</u>. The Parties make no representations as to the tax treatment or legal effect of the payments in this Agreement. Settlement Class Members understand and agree that they will be responsible for the payment of any taxes assessed on the Individual Settlement Payments that they receive.

54.   <u>No Tax Advice</u>. Neither Class Counsel nor Defendants' Counsel intend anything contained in this Settlement Agreement to constitute advice regarding taxes or taxability, nor shall anything in this Settlement be relied upon as such within the meaning of United States Treasury Department Circular 230 (31 CFR Part 10, as amended) or otherwise.

55.   <u>Preliminary Approval Motion</u>. Class Counsel shall file with the Court a motion for preliminary approval of the Settlement and supporting papers, which shall include this Settlement Agreement. Class Counsel shall provide a courtesy draft of these papers to Defense Counsel at least five (5) court days before filing the documents.

56.   <u>Settlement Administrator</u>. By accepting the role as Settlement Administrator, the Settlement Administrator is bound to all of the terms, conditions and obligations described in this Settlement Agreement. Among these obligations, the Settlement Administrator shall have sole and exclusive responsibility for: (a) calculating the Workweeks, Payment Ratio, and the Individual Settlement

Payment for each Settlement Class Member; (b) processing and mailing payments to the Class Representative, Class Counsel, the LWDA, and the Settlement Class Members; (c) printing and mailing the Notices to the Class Members as directed by the Court; (d) receiving and reporting objections, Requests for Exclusion, and disputes about the number of Workweeks applicable to individual settlement Class Members; (e) deducting all legally required taxes from the Individual Settlement Payments and distributing tax forms; (f) processing and mailing any tax payments to the appropriate state and federal taxing authorities; (g) providing declaration(s) as necessary in support of preliminary and/or final approval of this Settlement Agreement; and (h) other tasks that the Parties mutually agree on, or the Court orders the Settlement Administrator to perform.  The Settlement Administrator shall keep the Parties timely apprised of the performance of its duties. Defendants and their Counsel shall have no responsibility for validating or ensuring the accuracy of the Settlement Administrator's work. Defendants and Defendants' Counsel shall not bear any responsibility for errors or omissions in the calculation or distribution of the Individual Settlement Payments or any other distribution of monies contemplated by this Settlement Agreement.

57. <u>Notice Procedure</u>.

    a.   <u>Class Data.</u> The Class Data shall be confidential. The Settlement Administrator shall not provide the Class Data to Class Counsel or Plaintiff or any third party, or use the Class Data for any purpose other than to administer this Settlement Agreement. Defendants shall provide the Settlement Administrator with the Class Data to prepare and mail the Notices to the Settlement Class Members within twenty (20) calendar days after the Preliminary Approval Date.

    b.   <u>Notices</u>.

        i.   The Notice that is mailed out to Class Members shall be in a form substantially similar to the form attached as **<u>Exhibit A</u>**.  The Notice shall inform Class Members to notify the Settlement Administrator of their current mailing address and the address where their Individual Settlement Payment should be mailed following the Effective Date, if the addresses are different from the address that the Notice is initially mailed.  The Notice shall include the release of claims provided by each Settlement Class Member in exchange for the Individual Settlement Payment.

        ii.   The Notice shall also provide each Settlement Class Member's number of Workweeks and each Settlement Class Member's estimated Individual Settlement Payment calculated by the Settlement Administrator.

        iii.   <u>Notice By First Class U.S. Mail.</u>  After receiving the Class Data from Defendants as provided herein, the Settlement Administrator shall mail copies of the Notice to all Class Members via First Class U.S. Mail.  The Settlement Administrator shall exercise its best judgment to determine the current mailing address for each Class Member.

      iv.  <u>Undeliverable Notices</u>. Any Notices returned to the Settlement Administrator as undeliverable on or before the Response Deadline shall be re-mailed to the forwarding address provided. If no forwarding address is provided, the Settlement Administrator shall promptly attempt to determine a correct address by lawful use of standard search techniques (e.g., skip trace search), and shall then perform a re-mailing if another mailing address is identified by the Settlement Administrator. If any Notices sent to Settlement Class Members currently employed by Defendants are returned to the Settlement Administrator as undeliverable and no forwarding address is provided, the Settlement Administrator shall notify Defendants. Defendants will request that the currently employed Settlement Class Member provide an updated address to the Defendants to forward to the Settlement Administrator. Class Members who received a re-mailed Notice shall have their Response Deadline extended fifteen calendar (15) days from the original Response Deadline.

c.    <u>Disputes Regarding Individual Settlement Payments</u>. Settlement Class Members will have the opportunity, should they disagree with the estimated number of Workweeks stated on their Notice, to provide documentation and explanation of a different number. If there is a dispute, the Settlement Administrator will consult with the Parties to determine whether an adjustment is warranted. The Settlement Administrator shall determine the eligibility for, and the amounts of, any Individual Settlement Payment under the terms of this Settlement Agreement, and that determination shall be binding upon the Settlement Class Member and the Parties.

d.    <u>Disputes Regarding Administration of Settlement Agreement</u>. Any disputes not resolved by the Settlement Administrator concerning the administration of the Settlement Agreement will be resolved by the Court under the laws of the State of California. Prior to any such involvement of the Court, counsel for the Parties will confer in good faith to resolve the disputes without the necessity of involving the Court.

e.    <u>Requests for Exclusion.</u>

    i.  The Notice shall include an explanation that Class Members who wish to exclude themselves from the Settlement Agreement must submit a written Request for Exclusion to the Settlement Administrator by the Response Deadline. The written Request for Exclusion must: (1) state the case name and number of the Action; (2) clearly state that the Class Member requests to be excluded from the Settlement; (3) contain the name, address, and the last four digits of the Social Security number and/or Employee ID number of the person requesting exclusion; (4) be signed by the Class Member; and (5) be mailed to the Settlement Administrator, postmarked by the Response Deadline at the address specified in the Notice.

    ii.  The Request for Exclusion will not be valid if it is not timely submitted, or if it is not signed by the Class Member, or if it does not contain the name and address of the Class Member. The date of the postmark on the mailing envelope for the Request for Exclusion shall be the exclusive means used to determine whether the Request for Exclusion was timely

submitted. Class Members who fail to submit a valid and timely written Request for Exclusion on or before the Response Deadline shall be Settlement Class Members who are bound by all terms of the Settlement Agreement, and any final judgment entered in this Action.

iii. Any Class Member who requests to be excluded from the Settlement Agreement will not be entitled to any recovery under the Settlement Agreement and will not be bound by its terms or have any right to object, appeal or comment on it. Nothing in this Settlement Agreement can be construed as a waiver of any defense that Defendants or the Released Parties have or could assert against anyone who timely serves a Request for Exclusion.

iv. No later than five (5) court days after the Response Deadline, the Settlement Administrator shall provide counsel for the Parties with a final list of the Class Members who have timely submitted written Requests for Exclusion.

v. At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Class Members to submit Requests for Exclusion.

f.  Objections.

i. The Notice shall state that Settlement Class Members who wish to object to the Settlement Agreement must mail to the Settlement Administrator a written statement of objection ("Notice of Objection") by the Response Deadline. The postmark date of the mailing shall be deemed the exclusive means for determining that a Notice of Objection was served timely.

ii. Settlement Class Members who submit a timely Notice of Objection will have a right to appear at the Final Approval Hearing in order to have their objections heard by the Court. The Notice of Objection must: (1) be signed by the Settlement Class Member; (2) state the case name and number of the Action, the name and address of the Settlement Class Member, and the last four digits of the Settlement Class Member's Social Security number and/or Employee ID number; (3) contain the basis and/or grounds for the objection; and (4) state whether the Settlement Class Member intends to appear at the Final Approval Hearing. Settlement Class Members who fail to make objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement.

iii. At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Settlement Class Members to object to the Settlement Agreement or appeal from the Final Approval Order and Final Judgment.

iv. Class Members who submit a written Request for Exclusion are not entitled to object to the Settlement Agreement.

v. The Settlement Administrator shall send all objections to Class Counsel and Defense Counsel. Class Counsel will be responsible for filing the Notices of Objection with the Court in advance of the Final Approval

11

Hearing. Plaintiff and/or Defendants may file oppositions to Notices of Objection prior to the date of the Final Approval Hearing.

vi. Defendants shall not be responsible for the fees, costs, or expenses incurred by Plaintiff, Class Counsel, or Settlement Class Members arising from or related to any objection to the Settlement Agreement or related to any appeals thereof.

58. <u>Funding and Allocation of the Maximum Settlement Amount</u>. Upon satisfaction of the preconditions described in this Settlement Agreement, and pursuant to the timeline and instructions below, Defendants will deposit the Maximum Settlement Amount into a Qualified Settlement Fund to be established by the Settlement Administrator.

a. <u>Funding Due Date</u>. No later than thirty (30) calendar days after the Effective Date, Defendants shall provide the Maximum Settlement Amount to the Settlement Administrator to fund the Settlement Agreement.

b. <u>Individual Settlement Payments</u>. Fifteen percent (15%) of the Net Settlement Amount shall be allocated to payments to the Class described above in paragraph 3(d), the "Reimbursement Class" as a "Reimbursement Payment." Eighty-five percent (85%) of the Net Settlement Amount shall be allocated to the payments of all other Classes. "Individual Settlement Payments" are each the sum total of these allocations from the Net Settlement Amount that shall be paid to each individual Class Member, pursuant to the following formula:

i. <u>Calculation of Individual Settlement Payments for all Classes Other Than the Reimbursement Class.</u> Using the Class Data, the Settlement Administrator will calculate the total non-exempt Workweeks for all Settlement Class Members. The respective non-exempt Workweeks for each Settlement Class Member will be divided by the total non-exempt Workweeks for all Settlement Class Members, resulting in the Payment Ratio for each individual Settlement Class Member. Each Settlement Class Member's Payment Ratio will then be multiplied by eighty-five percent (85%) of the Net Settlement Amount to calculate each Settlement Class Member's estimated non-Reimbursement Class portion of the Individual Settlement Payment.

Using the Class Data, the Settlement Administrator will calculate the total Workweeks for all Reimbursement Class Members. The respective Workweeks for each Reimbursement Class Member will be divided by the total Workweeks for all Reimbursement Class Members, resulting in the Reimbursement Payment Ratio for each individual Settlement Class Member. Each Reimbursement Class Member's Payment Ratio will then be multiplied by fifteen percent (15%) of the Net Settlement Amount to calculate each Reimbursement Class Member's estimated Reimbursement Class portion of the Individual Settlement Payment.

The Individual Settlement Payment will be provided only to the individual Settlement Class Member. Each Individual Settlement

Payment will be reduced by any legally mandated employee tax withholdings (e.g., employee payroll taxes, etc.) on the wages portion of the Individual Settlement Payment. The Individual Settlement Payment checks will include an endorsement confirming that by cashing the check, each Settlement Class Member is releasing the Released Claims.

ii.  <u>Tax Allocation</u>. The Settlement Administrator will be responsible for issuing to Settlement Class Members an IRS Form W-2 for any amounts deemed "wages" and an IRS Form 1099 for the portions allocated to non-wage amounts, including penalties and interest. For tax purposes, each Individual Settlement Payment shall be allocated as follows: (a) 25% as wages subject to IRS Form W-2 reporting and applicable taxes/withholdings; and (b) 75% as non-wage income, penalties, and interest for which an IRS Form 1099 will be issued.

iii.  <u>Mailing</u>. Individual Settlement Payments shall be mailed by First Class U.S. Mail to each Settlement Class Member no later than fourteen (14) calendar days after Defendants provide funds to the Settlement Administrator for disbursement under this Settlement Agreement.

iv.  <u>Uncashed Checks</u>. Any checks issued to Settlement Class Members shall remain valid and negotiable for one hundred and eighty (180) calendar days after the date they are issued. The Settlement Administrator will mail a reminder notice to those Settlement Class Members who have not cashed their checks after one hundred twenty (120) calendar days and will also send a reminder via any available email address or social media for these Settlement Class Members. In the event that an Individual Settlement Payment check has not been cashed within one hundred and eighty (180) calendar days, then such funds, plus any accrued interest, will be tendered to the State Controller's Office Unclaimed Property Fund in the name of Settlement Class Members who did not cash their settlement checks. The Parties agree that this disposition results in no unpaid residue under California Civil Procedure Code § 384, as the entire Net Settlement Amount will be paid out to participating Settlement Class Members, whether or not they all cash their individual settlement payment checks. Therefore, Defendants will not be required to pay any interest set amount. The Settlement Administrator shall prepare a report regarding the extent of unclaimed funds, and the report shall be presented to the Court by Class Counsel.

v.  <u>Class Representative Service Award</u> ("Service Award"). Defendants agrees not to oppose or object to a Class Representative Service Award in an amount not to exceed $7,500 in exchange for Class Representative's general release of claims, including the Released Claims, and for his time, effort and risk in bringing and prosecuting this matter. The Service Award shall be in addition to the Class Representative's Individual Settlement Payment as a Settlement Class.

vi.   The Settlement Administrator shall pay the Service Award to Class Representative from the Maximum Settlement Amount within fourteen (14) calendar days after Defendants funds the Maximum Settlement Amount.  Any portion of the requested Service Award that is not awarded to the Class Representative shall become part of the Net Settlement Amount.

vii.  The Settlement Administrator shall issue an IRS Form 1099 - MISC to the Class Representative for the Service Award.  The Class Representative shall be solely and legally responsible to pay any and all applicable taxes on the Service Award and shall hold harmless Defendants and the Released Parties from any claim or liability for taxes, penalties, or interest arising as a result of the Service Award.

viii. If the Court reduces or does not approve the requested Service Award, Plaintiff shall not have the right to revoke the Settlement Agreement, which shall remain binding.

c.   <u>Class Counsel Award.</u>

i.    Plaintiff shall seek and Defendants will not oppose an application for an award of attorneys' fees not to exceed five hundred ninety-one thousand six hundred sixty-six dollars and 67/100 ($591,666.67) and reimbursement of actual costs and expenses as supported by declaration not to exceed twenty-five thousand dollars ($25,000.00).  The Court-approved amount for the Class Counsel Award will be issued out of the Maximum Settlement Amount.

ii.   Class Counsel, Plaintiff and the Settlement Class Members will not apply to the Court for any additional payment of attorneys' fees and costs, or for an increase in the Maximum Settlement Amount.  The Parties agree that, over and above the Court-approved Class Counsel Award, each of the Parties, including all Settlement Class Members, shall bear their own fees and costs, including, but not limited to, those related to the investigation, filing, or prosecution of the Action; the negotiation, execution, or implementation of this Settlement Agreement; and/or the process of obtaining, administering, or challenging a Preliminary Approval Order and/or Final Approval Order.

iii.  Any portion of the requested Class Counsel Award that is not awarded to Class Counsel shall be part of the Net Settlement Amount and shall be distributed to Settlement Class Members as provided in this Settlement Agreement.

iv.   The Settlement Administrator shall pay the Class Counsel Award to Class Counsel from the Maximum Settlement Amount within fourteen (14) calendar days after the Maximum Settlement Amount is funded.

v.    Class Counsel shall be solely and legally responsible to pay all applicable taxes on the Class Counsel Award.  The Settlement Administrator shall issue an IRS Form 1099 - MISC to Class Counsel for the payment.

14

vi.    In the event that the Court reduces or does not approve the requested Class Counsel Award, Plaintiff and Class Counsel shall not have the right to modify or revoke the Settlement Agreement, although Plaintiff shall retain the right to appeal any reduction to the Class Counsel Award.

d.    <u>PAGA Penalties</u>.  The amount of one-hundred thousand dollars ($100,000) shall be allocated from the Maximum Settlement Amount for the release of claims for civil penalties under the Private Attorneys General Act of 2004.  The Settlement Administrator shall pay seventy-five percent (75%) of the PAGA Penalties, or $75,000 to the California Labor and Workforce Development Agency as the LWDA Payment  within fourteen (14) calendar days after Defendants provide funds to the Settlement Administrator for disbursement under this Settlement Agreement. Twenty-five (25%) of the PAGA Penalties, or $25,000 will remain part of the Net Settlement Amount and distributed to Settlement Class Members as described in this Settlement Agreement. Plaintiff will take all actions required by California Labor Code section 2699(l).

e.    <u>Settlement Administrator Costs</u>.  The Settlement Administrator shall be paid for the costs of administration of the Settlement Agreement from the Maximum Settlement Amount. Based upon estimates received, the Settlement Administrator Costs shall not exceed ($20,000). The Settlement Administrator shall be paid the Settlement Administrator Costs within fourteen (14) calendar days after Defendants provides funds to the Settlement Administrator for disbursement under this Settlement Agreement.

59.    <u>Mutual Full Cooperation</u>.  The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, the execution of necessary documents and to take such other action as may be reasonably necessary to implement the terms of this Settlement Agreement.  As soon as practicable after execution of this Settlement Agreement, Class Counsel shall, with the assistance and cooperation of Defendants and Defense Counsel, take all necessary steps to secure the Court's Preliminary and Final Approval of this Settlement Agreement.  The Parties also agree to cooperate in the Settlement Administration process.  The Parties each represent they do not have any financial interest in the Settlement Administrator or otherwise have a relationship with the Settlement Administrator that could create a conflict of interest.

60.    <u>Preliminary Approval Hearing</u>. Plaintiff shall obtain a hearing before the Court to request the preliminary approval of the Settlement Agreement, and the setting of a date for a Final Approval Hearing.  The Preliminary Approval Order shall provide for the Notice to be sent to all Class Members as specified herein. In conjunction with the Preliminary Approval Hearing, Plaintiff shall submit this Settlement Agreement and the proposed Notice.  Plaintiff shall provide drafts of all papers filed in support of preliminary approval to Defense Counsel at least five (5) court days before filing the documents.

61.    <u>Final Approval Motion</u>. After the expiration of the Response Deadline, Plaintiff shall file with the Court a motion for final approval of the Settlement, requesting final approval of the Settlement Agreement and a determination of the amounts payable for the Service Award, the Class Counsel Award, the PAGA Payment, and the Settlement Administration Costs.  Plaintiff shall provide drafts of these

15

papers to Defense Counsel at least five (5)  court days before filing the documents.

    a.   <u>Declaration by Settlement Administrator</u>.  The Settlement Administrator shall submit a declaration in support of Plaintiff's motion for final approval of this Settlement Agreement detailing the number of Notices mailed and re-mailed to Class Members, the number of undeliverable Notices, the number of Requests for Exclusion received, the number of Notices of Objections received, the number of disputes received about the Workweek counts, the amount of the average Individual Settlement Payment, the Settlement Administration Costs, and any other information as the Parties mutually agree on, or that the Court orders the Settlement Administrator to provide.

    b.   <u>Final Approval Order and Judgment</u>.  The Parties shall present a proposed Final Approval Order to the Court for its approval, and Judgment thereon consistent with the terms and conditions of this Settlement Agreement.

62.   <u>Review of Motions for Preliminary and Final Approval</u>.  Class Counsel will provide an opportunity for Defense Counsel to review the Motions for Preliminary and Final Approval prior to filing with the Court.  The Parties and their counsel will cooperate and use their best efforts to effect the Court's approval of the Motions for Preliminary and Final Approval of the Settlement Agreement, and entry of Judgment.

63.   <u>Interim Stay of Proceedings</u>.  The Parties agree to stay all proceedings in the Action, except such proceedings necessary to implement and complete the Settlement Agreement, pending the Final Approval Hearing to be conducted by the Court, and that the time within which to bring this action to trial under California Code of Civil Procedure Section 583.310 shall be extended from the date the parties engaged in mediation on February 23, 2021, until the Agreement is revoked and the stay is lifted.

64.   <u>Nullification of Settlement Agreement</u>.  In the event that the Court does not grant final approval, or the Court does not enter a final judgment as provided herein, or the Settlement Agreement does not become final for any other reason, this Settlement Agreement shall be null and void and any order or judgment entered by the Court in furtherance of this Settlement Agreement shall be treated as void from the beginning.  In such a case, the entire Maximum Settlement Amount shall be returned to Defendant; the Parties shall proceed in all respects as if this Settlement Agreement had not been executed, except that any costs already incurred by the Settlement Administrator shall be paid by equal apportionment among the Parties; and this Agreement and its terms, and the communications, negotiations, and settlement discussions related to the Action, shall be inadmissible and treated as confidential to the fullest extent allowed by law.   In the event an appeal is filed from the Court's final judgment, or any other appellate review is sought, administration of the Settlement Agreement shall be stayed pending final resolution of the appeal or other appellate review, but any fees incurred by the Settlement Administrator prior to being notified of the filing of an appeal from the Court's Final Judgment, or any other appellate review, shall be paid to the Settlement Administrator within thirty (30) days of said notification.

65.  <u>Defendants' Option to Terminate Settlement</u>.  If up to five percent (5%) of the Class Members submit timely and valid written requests for exclusion from the Settlement, Defendants shall have, in its sole discretion, the option to terminate this Settlement and its stipulation to class certification before the Final Approval Hearing. If Defendants exercises the option to terminate this Settlement, Defendants shall: (a) provide written notice by certified mail to Class Counsel prior to the Final Approval Hearing and no later than five (5) court days after receiving notice from the Settlement Administrator of the number of Class Members who have submitted timely and valid requests for exclusion; (b) pay all Settlement Administration Costs incurred up to the date or as a result of the termination; and (c) the Parties shall proceed in all respects as if this Agreement had not been executed.

66.  <u>No Effect on Employee Benefits</u>.  Amounts paid to the Plaintiff or other Settlement Class Members pursuant to this Settlement Agreement shall not be deemed pensionable earnings or have any effect on the eligibility for, or calculation of, any employee benefits (e.g., vacations, holiday pay, retirement plans, etc.) of the Plaintiff or Settlement Class Members.

67.  <u>Exhibit and Headings</u>.  The terms of this Settlement Agreement include the terms set forth in the attached Exhibit.  The descriptive headings of any paragraphs or sections of this Settlement Agreement are inserted for ease of reference only and do not constitute a part of this Settlement Agreement.

68.  <u>Amendment or Modification</u>.  With Court approval, this Settlement Agreement may be amended or modified only by a written instrument that is signed by counsel for all Parties or their successors-in-interest, and signed by the Parties or their successors-in-interest.

69.  <u>Entire Settlement Agreement</u>.  This Settlement Agreement and its exhibit constitute the entire Settlement Agreement among the Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or its exhibit other than the representations, warranties and covenants contained and memorialized in the Settlement Agreement and its exhibit.

70.  <u>Authorization to Enter into Settlement Agreement</u>.  Counsel for all Parties warrant and represent they are expressly authorized by the Parties whom they represent to negotiate this Settlement Agreement and to take all appropriate actions needed by this Settlement Agreement to effectuate its terms.  The person signing this Settlement Agreement on behalf of Defendants represent and warrant that he or he is authorized to sign this Settlement Agreement on behalf of Defendant.  Plaintiff represents that he is authorized to sign this Settlement Agreement and that he has not assigned, transferred, or encumbered any claim, or part of a claim, demand, cause of action or any rights herein released and discharged or covered by this Settlement Agreement to any third-party.

71.  <u>Binding on Successors and Assigns</u>.  The provisions of this Settlement Agreement shall run in perpetuity.  This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Parties.

72.  <u>California Law Governs</u>.  All terms of this Settlement Agreement and its exhibit, and any disputes arising hereunder shall be governed by and interpreted according to the laws of the State of California.

73. <u>Counterparts</u>.  This Settlement Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Settlement Agreement shall exchange among themselves copies or originals of the signed counterparts through DocuSign/Adobe Sign functionalities.

74. <u>This Settlement Agreement Is Fair, Adequate and Reasonable</u>.  The Parties believe that this Settlement Agreement is a fair, adequate and reasonable Settlement Agreement of this Action and have arrived at this Settlement Agreement after extensive arm's-length negotiations, taking into account all relevant factors, present and potential.  The Parties further agree that this Settlement Agreement shall not be construed in favor of or against any party by reason of the extent to which any party or their counsel participated in the drafting of this Settlement Agreement.

75. <u>Jurisdiction of the Court</u>.  The Parties agree that, pursuant to California Code of Civil Procedure Section 664.6, the Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Settlement Agreement and all orders and judgments entered in connection to it, and the Parties and their counsel submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the Settlement Agreement and all orders and judgments entered in connection to it.

76. <u>No Unalleged Claims</u>.  Plaintiff and Class Counsel represent that they are not currently aware of any claims in addition to, or different from, those which are finally and forever settled and released against the Released Parties by this Settlement, including, but not limited to, any claims under the Fair Credit Reporting Act (the "FCRA") for any of Defendants' current and/or former employees, as well as any and all claims relating to or arising from Plaintiff's employment with Defendant.  Plaintiff agrees to dismiss his FCRA claim without prejudice, and Plaintiff and Plaintiff's counsel represent that they have no intent to file a FCRA cause of action against any of the Defendants. The Parties further acknowledge, understand and agree that this representation is essential to the Agreement and that this Agreement would not have been entered into were it not for this representation.

77. <u>Publicity</u>.  Plaintiff and Class Counsel agree not to disclose or publicize the Settlement, including the fact of the Settlement, its terms or contents, and the negotiations underlying the Settlement, in any manner or form, directly or indirectly, to any person or entity, except as may be strictly required to effectuate the terms of the Settlement.  For the avoidance of doubt, this section includes Plaintiff and Class Counsel's agreement not to issue press releases, communicate with, or respond to any media or publication entities, publish information or otherwise communicate by print, video, recording or any other medium, with any person or entity concerning the Settlement, including the fact of the Settlement, its terms or contents and the negotiations underlying the Settlement, except as shall be contractually required to effectuate the terms of the Settlement. However, Class Counsel may disclose the name of the Parties in this action, the venue/case number, and settlement details available in the public record, for the limited purpose of allowing Class Counsel to prove adequacy as class counsel in other actions. While relevant settlement documents will be made available on a website hosted by the Settlement Administrator, Class Counsel shall not house, display, or publish any documents related to this settlement.

78. <u>Waiver of Certain Appeals</u>.  Except as provided herein, the Parties agree to waive all appeals from the Court's final approval of the Settlement Agreement, unless the Court modifies the Settlement Agreement.

79. <u>Denial of Liability</u>.  The Parties expressly recognize that the making of this Settlement Agreement does not in any way constitute an admission or concession of wrongdoing on the part of Defendant. The Settlement and any related statements, discussions, communications, or materials cannot be admissible in any way in any other judicial, arbitral, administrative, investigative or other forum or proceeding as evidence of any violation of any federal, state, or local law, statute, ordinance, regulation, rule or executive order, or any obligation or duty at law or in equity.  Notwithstanding the foregoing, this Agreement may be used in any proceeding in the Court that has as its purpose the interpretation, implementation, or enforcement of the Settlement or any orders or judgments of the Court entered into in connection therewith.

80. <u>Notice of Settlement Agreement to LWDA</u>.  Plaintiff shall provide notice of this Settlement Agreement to the LWDA as required by Labor Code Section 2699(l)(2).

IN WITNESS WHEREOF, this Joint Stipulation of Class Action and PAGA Settlement Agreement and Release of Claims is voluntarily executed by the Parties and their attorneys as of the dates noted.

**IT IS SO AGREED**:

Dated: _____          _____

                                            Ronnie Williams
                                            *Plaintiff*

Dated: _____          _____

                                            *Authorized agent for Defendant*

Dated: _____08/04/2022_____          _____

                                            Shaun Setareh
                                            Setareh Law Group
                                            *Attorneys for Plaintiff*
                                            *Approved as to form only except for sections 74 and 75.*

78. <u>Waiver of Certain Appeals</u>.  Except as provided herein, the Parties agree to waive all appeals from the Court's final approval of the Settlement Agreement, unless the Court modifies the Settlement Agreement.

79. <u>Denial of Liability</u>.  The Parties expressly recognize that the making of this Settlement Agreement does not in any way constitute an admission or concession of wrongdoing on the part of Defendant. The Settlement and any related statements, discussions, communications, or materials cannot be admissible in any way in any other judicial, arbitral, administrative, investigative or other forum or proceeding as evidence of any violation of any federal, state, or local law, statute, ordinance, regulation, rule or executive order, or any obligation or duty at law or in equity.  Notwithstanding the foregoing, this Agreement may be used in any proceeding in the Court that has as its purpose the interpretation, implementation, or enforcement of the Settlement or any orders or judgments of the Court entered into in connection therewith.

80. <u>Notice of Settlement Agreement to LWDA</u>.  Plaintiff shall provide notice of this Settlement Agreement to the LWDA as required by Labor Code Section 2699(l)(2).

IN WITNESS WHEREOF, this Joint Stipulation of Class Action and PAGA Settlement Agreement and Release of Claims is voluntarily executed by the Parties and their attorneys as of the dates noted.

**IT IS SO AGREED**:

Dated: __08/05/2022_____     _____

Ronnie Williams
*Plaintiff*

Dated: _____     _____

*Authorized agent for Defendant*

Dated: _____     _____

Shaun Setareh
Setareh Law Group
*Attorneys for Plaintiff*
*Approved as to form only except for*
*sections 74 and 75.*

78.  <u>Waiver of Certain Appeals</u>.  Except as provided herein, the Parties agree to waive all appeals from the Court's final approval of the Settlement Agreement, unless the Court modifies the Settlement Agreement.

79.  <u>Denial of Liability</u>.  The Parties expressly recognize that the making of this Settlement Agreement does not in any way constitute an admission or concession of wrongdoing on the part of Defendant. The Settlement and any related statements, discussions, communications, or materials cannot be admissible in any way in any other judicial, arbitral, administrative, investigative or other forum or proceeding as evidence of any violation of any federal, state, or local law, statute, ordinance, regulation, rule or executive order, or any obligation or duty at law or in equity.  Notwithstanding the foregoing, this Agreement may be used in any proceeding in the Court that has as its purpose the interpretation, implementation, or enforcement of the Settlement or any orders or judgments of the Court entered into in connection therewith.

80.  <u>Notice of Settlement Agreement to LWDA</u>.  Plaintiff shall provide notice of this Settlement Agreement to the LWDA as required by Labor Code Section 2699(l)(2).

IN WITNESS WHEREOF, this Joint Stipulation of Class Action and PAGA Settlement Agreement and Release of Claims is voluntarily executed by the Parties and their attorneys as of the dates noted.

**IT IS SO AGREED**:

Dated: _____

_____
Ronnie Williams
*Plaintiff*

Dated: *August 5, 2022*

_____
*Authorized agent for Defendant*

Dated: _____

_____
Shaun Setareh
Setareh Law Group
*Attorneys for Plaintiff*
*Approved as to form only except for*
*sections 74 and 75.*

19

Dated: _____    _____
                                Michael J. Nader
                                Paul Smith
                                Rabia Reed
                                OGLETREE, DEAKINS, NASH,
                                SMOAK & STEWART
                                *Attorneys for* Defendant
                                *Approved as to form only*

# EXHIBIT A

**NOTICE OF PROPOSED CLASS ACTION AND PAGA SETTLEMENT**

*Williams v. Perdue Farms, Inc., et al.*
**Case No. 3:19-cv-07671-MMC**
**United States District Court, Northern District of California**

**THIS IS A COURT-AUTHORIZED NOTICE.**
**IT IS NOT A SOLICITATION.**
**PLEASE READ THIS NOTICE CAREFULLY ABOUT YOUR LEGAL RIGHTS.**

**To:**  **Current and former employees of Defendants Perdue Farms, Inc., Perdue Foods LLC, Petaluma Acquisition, LLC, Coleman Natural Products, Inc., and Coleman Natural Foods, LLC (collectively referred to as the "Defendants") who worked at any time from October 11, 2015 until February 11, 2022.**

| GENERAL INFORMATION |
|:---:|

1.  **Why did I get this notice?**

The Court has preliminarily approved a settlement (the "**Settlement**") of the lawsuit, *Williams v. Perdue Farms, Inc., et al*, Case No. 3:19-cv-07671-MMC, United States District Court, Northern District of California (the "**Lawsuit**").  The Settlement is made on behalf of several proposed classes, which are defined as follows:

    a.  Cause of Action No. 2 – Failure to Provide Meal Periods:  All persons employed by Defendants at any time in an hourly or non-exempt position in California from May 26, 2019 until February 11, 2022.

    b.  Cause of Action No. 3 – Failure to Provide Rest Periods:  All persons employed by Defendants at any time in an hourly or non-exempt position in California from October 11, 2015 until February 11, 2022.

    c.  Cause of Action No. 4 -- Failure to Pay Hourly Wages: All persons employed by Defendants at any time in an hourly or non-exempt position in California from May 26, 2019 until February 11, 2022.

    d.  Cause of Action No. 5 -- Failure to Indemnify: All persons employed by Defendants in California who incurred business expenses at any time from October 11, 2015 until February 11, 2022.  This includes both non-exempt and exempt employees and will be specifically referred to as the "**Reimbursement Class**."

    e.  Cause of Action No. 6 – Failure to Provide Accurate Written Wage Statements: All persons employed by Defendants at any time in an hourly or non-exempt position in California from July 18, 2020 until February 11, 2022.

    f.  Cause of Action No. 7 – Failure to Timely Pay All Final Wages: All persons employed by Defendants at any time in an hourly or non-exempt position in California who separated from their employment with Defendant at any time from May 26, 2019 until February 11, 2022.

    g.  Cause of Action No. 8 -- Failure to Pay Wages Without Discount:  All persons employed by Defendants at any time in California who were paid their wages with a pay card and were not paid all earned wages at any time from May 26, 2019 until February 11, 2022.

    h.  Cause of Action No. 9 -- Unfair Competition: All persons employed by Defendants at any time in an hourly or non-exempt position in California from May 26, 2019 until February 11, 2022.

**QUESTIONS?  CALL TOLL FREE 1-800-[telephone number]**
**VIEW DOCUMENTS RELATED TO THIS SETTLEMENT AT: [website URL]**

Members of one or more of these class definitions are defined herein as "**Class Member(s)**." The time periods specified in each of the above class definitions are defined herein as "**Class Period(s)**."

You received this notice because Defendants' records show that you worked at some time for one or more Defendants as an employee who is included in one of the classes defined above. This notice explains the Lawsuit, the Settlement, your legal rights, the benefits available to you, your eligibility for benefits, and how you may obtain them.

**2.**  <u>**What is this Lawsuit about?**</u>

In the Lawsuit, Plaintiff Ronnie Williams ("**Plaintiff**" or "**Class Representative**") claims that Defendants violated sections of the California Labor Code and the California Business and Professions Code. Specifically, Plaintiff alleges that Defendants failed to pay all minimum and overtime wages due, failed to provide compliant meal and rest breaks, failed to pay all due final wages upon termination, failed to provide compliant wage statements, failed to reimburse for all business expenses, failed to pay wages without discounts, and maintained unfair business practices. The settlement also seeks to recover civil penalties pursuant to the California Private Attorneys General Act ("**PAGA**"). The Lawsuit also brings a claim against Defendants for violation of the Fair Credit Reporting Act ("**FCRA**"). As part of the Settlement, however, Plaintiff agrees to dismiss the FCRA claim without prejudice. Defendants deny the allegations in the Lawsuit and contend that they complied with the law. The Court has not made a ruling on the merits of the case.

**3.**  <u>**Why is this a class action?**</u>

In a class action, one or more people, called class representative(s) (in this case, the Plaintiff), sue on behalf of people who appear to have similar claims (in this case, the Class Members defined above). One court resolves the issues for all class members in one lawsuit, except for those who exclude themselves from the class. The Lawsuit is before the United States District Court for the Northern District of California) (the "**Court**").

**4.**  <u>**How do I know if I am part of the Settlement?**</u>

You are part of the Settlement and, therefore, a Class Member if you fit within at least one of the definitions of Class Members set forth above in Section 1 of this Notice.

**5.**  <u>**Do I have a lawyer in this case?**</u>

The Court has appointed Class Counsel listed below to represent your interests in this case:

> Shaun Setareh, Esq.
> William M. Pao, Esq.
> SETAREH LAW GROUP
> 9665 Wilshire Boulevard, Suite 430
> Beverly Hills, California 90212
> Tel.: (310) 888-7771

**6.**  <u>**What is the settlement amount and how will the Individual Settlement Payment be calculated?**</u>

The Settlement provides that Defendant will pay a maximum of One Million, Seven Hundred Seventy-Five Thousand Dollars and Zero Cents ($1,775,000) (the "**Maximum Settlement Amount**"). The "**Net Settlement Amount**" is the portion of the Maximum Settlement Amount that will be available for distribution to Class Members who do not submit timely and valid Request for Exclusion Forms ("**Settlement Class Members**"). The Net Settlement Amount is the Maximum Settlement Amount less the following amounts (which are subject to Court approval):

A. **Attorneys' Fees to Class Counsel:** Under the terms of the Settlement, Class Counsel are allowed to seek attorneys' fees to be paid from the Maximum Settlement Amount. Class Counsel have elected to seek $443,750.

B. **Litigation Costs/Expenses to Class Counsel:** Not to exceed $25,000;

C. **Service Payment to the Class Representative:** $7,500;

D. **Settlement Administration Costs:** Currently estimated to be no more than $20,000;

E. **PAGA Payment to the California Labor & Workforce Development Agency ("LWDA"):** $75,000. This represents 75% of the $100,000 allocated to PAGA penalties, the remainder ($25,000) of which will be included in the Net Settlement Amount and distributed to participating Class Members.

Class Counsel will file a motion (the "**Motion**") for attorneys' fees, litigation costs, and a service payment to the Class Representative. Both the Settlement and the Motion will be on file with the Court and available for review at [website URL] no later than [Date], 2022.

The portion of the Net Settlement Amount that you are eligible to claim ("**Individual Settlement Payment**") will be determined on a *pro rata* basis, based on the number of workweeks you worked in California as a Class Member during the Class Periods ("**Workweek(s)**"). More specifically, "Workweek" means a consecutive 7-day period starting on and including Monday through and including Sunday during which time the Defendants' records reflect that you (a Class Member) worked any amount of time and do not include weeks when you (a Class Member) were on paid time off, a leave of absence, jury duty, or the like for the entire 7-day period. Each Class Member will be credited with at least one Workweek. Fifteen percent (15%) of the Net Settlement Amount will be paid to Reimbursement Class Members on a *pro rata* basis, based on the number of Workweeks each worked in California as a Reimbursement Class Member from October 11, 2015 until February 11, 2022. Eighty-five percent (85%) of the Net Settlement Amount will be paid to all other Class Members on a *pro rata* basis, based on the number of Workweeks each worked in California during the Class Periods for all other Classes.

Your Individual Settlement Payment will be apportioned 25% as wages and 75% as penalties and interest. The wage portion of the Individual Settlement Payment will be subject to any legally mandated withholding for the employee and will be reported on an IRS Form W-2. Employer-side payroll taxes will be paid separately by Defendants. The penalties and interest portions of each Individual Settlement Payment will not be subject to any withholdings and will be reported on an IRS Form 1099.

## 7. <u>How much will my Individual Settlement Payment be?</u>

You worked XXX Workweeks during the Class Periods that apply to your employment with Defendants. Your estimated Settlement Payment is $XXX.XX. The amount of your Settlement Payment may change depending on the number of timely and valid Requests for Exclusion submitted in the Settlement, if any. This amount is only an estimate. The actual Individual Settlement Payment you receive may be slightly more or less than the estimated amount shown.

Your estimated Individual Settlement Payment was determined based on Defendants' record of your employment during the relevant Class Periods.

## 8. <u>What can I do if I think that the calculation of my workweeks is wrong?</u>

If you dispute the accuracy of the calculation of the number of Workweeks that you worked during the Class Periods, you must contact the Settlement Administrator and provide any documentation you have supporting your challenge of the calculation and supporting your calculation. Submission of this information and supporting documents must be postmarked no later than [Date], 2022. All disputes regarding your Workweeks will be resolved and decided by the Settlement Administrator, and the Settlement Administrator's decision on all disputes will be final. The Settlement Administrator's contact information is listed below:

Simpluris, Inc.

**QUESTIONS?  CALL TOLL FREE 1-800-[telephone number]**
**VIEW DOCUMENTS RELATED TO THIS SETTLEMENT AT**: [website URL]

[Address]
[Telephone Number]

## HOW CAN I GET A PAYMENT?

### 9.    How do I get my Individual Settlement Payment?

You do not need to do anything to get your Individual Settlement Payment after the Court approves the Settlement.  You must notify the Settlement Administrator of any change or correction in your contact information. **It is your responsibility to keep the Settlement Administrator informed of any change in your address.**

### 10.    What am I giving up to get an Individual Settlement Payment?

Unless you exclude yourself, you remain a Class Member for the settlement, which means that you will not be able to sue or be part of any other lawsuit against the "Released Parties" for any of the "Released Claims" in this Lawsuit.  Specifically, you will be giving up or "releasing" the "Released Claims" described below:

"**Released Claims**" by Settlement Class Members means all claims, causes of action, as well as all predicate claims based on the facts and/or legal theories alleged in the Lawsuit and Plaintiff's letter dated October 10, 2019 to the LWDA (the "**PAGA Letter**"), or reasonably could have been alleged based on the facts and legal theories alleged in the Lawsuit and the PAGA Letter, including the following claims: (1) all claims for meal period violations, including claims for late, short, interrupted and/or missed meal periods and/or the failure to pay premiums, and the alleged failure to properly record meal periods; (2) all claims for rest break violations, including claims for late, short, interrupted, missed, or otherwise improperly controlled rest breaks and/or the failure to pay premiums; (3) all claims for unpaid wages, including claims for minimum, overtime, and double-time wages, the alleged failure to pay for all time worked, and the alleged failure to pay for all hours worked at correct rates, including overtime at the correct rates; (4) all claims for unreimbursed expenses, including expenses incurred for personal cell phone usage and mileage; (5) all claims for improper or inaccurate itemized wage statements, including alleged violations of Labor Code Section 226(a)(1)-(9) as well as claims for injuries suffered therefrom; (6) all claims for the untimely payment of final wages and associated waiting time penalties under Labor Code Section 203; (7) all claims for failure to pay wages without discount, violations of section 212 of the California Labor Code; (8) all claims under the Business & Professions Code (including Section 17200 *et seq*.); (9) all claims for civil penalties under the Labor Code Private Attorneys General Act of 2004, Labor Code Section 2699 *et seq*.; other claims for penalties under the wage and hour laws pleaded in the Lawsuit and in the PAGA Letter; and all damages, penalties, interest and other amounts recoverable under all claims under California and federal law (collectively, the "Released Claims.")  The period of the release shall extend to the limits of the Class Periods, which extends from the start date of the Class Period for each individual claim until February 11, 2022. The *res judicata* effect of the judgment will be the same as that of the release.

"**Released Parties**" means Perdue Farms, Inc., Perdue Foods LLC, Petaluma Acquisition, LLC, Coleman Natural Products, Inc., and Coleman Natural Foods, LLC (collectively, the "Defendants") and each of the Defendants' past, present and/or future, direct and/or indirect, officers, directors, members, managers, employees, agents, representatives, attorneys, insurers, partners, investors, shareholders, franchisees, administrators, parent companies, subsidiaries, affiliates, divisions, predecessors, successors, and assigns.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 11.    How do I exclude myself from the Settlement?

If you want to keep the right to sue or continue to sue Defendants with respect to the Released Claims, then you must submit a Request for Exclusion Form in conformity with the requirements described here.  **If you exclude yourself, you will not receive an Individual Settlement Payment.**

To exclude yourself from the Settlement, you must submit a signed Request for Exclusion Form, a copy of which is enclosed with this Notice.

The Request for Exclusion Form must be mailed to the Settlement Administrator at the address listed below, postmarked by [Date], 2022. You cannot exclude yourself by phone.

Simpluris, Inc.
[Address]
[Telephone Number]

Request for Exclusion Forms which are postmarked after [Date], 2022 will not be accepted.

### 12.    **If I don't exclude myself, can I sue Defendants for the Released Claims later?**

No. Unless you timely submit a Request for Exclusion Form, you will give up the right to sue Defendants and the Released Parties for the Released Claims. If you have a pending lawsuit involving the Released Claims, speak to your lawyer immediately.

## OBJECTING TO THE SETTLEMENT

### 13.    **How do I tell the Court that I don't like the Settlement?**

If you are a Settlement Class Member, you can object to the Settlement and give your reasons to the Court for why you think the Court should not approve it. Your objections must be made in writing.  To make a written objection, you must mail your objection to the Settlement Administrator postmarked no later than [Date], 2022.

Your objection must be signed and must include your: (1) full name, (2) address, (3) the name of this case and case number (provided above), (4) the last four digits of your Social Security number and/or your Employee ID number, (5) whether you intend to appear at the Final Approval Hearing, and (6) the specific reason(s) for your objection.

### 14.    **What is the difference between objecting and being excluded?**

Objecting is telling the Court that you do not like something about the Settlement. You may only object if you remain a Settlement Class Member. Excluding yourself is telling the Court that you do not want to be a Settlement Class Member. If you exclude yourself, you cannot object.

## THE COURT'S FINAL APPROVAL HEARING

### 15.    **When and where will the Court decide whether to approve the Settlement?**

The Court will hold the Final Approval Hearing at [Time] on [Date], 2022, at Courtroom 7 of the United States District Court for the Northern District of California located on the 19th floor at 450 Golden Gate Avenue, San Francisco, California 94102.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, and determine whether to grant final approval of the Settlement. If there are objections, the Court will consider them. Additionally, the Court will determine whether to grant Class Counsel's motion for attorneys' fees, litigation costs, and service payment to the Class Representative.

### 16.    **Do I have to come to the hearing?**

No. If you agree to the Settlement, then you do not have to come to Court to talk about it. However, you may attend if you wish. You may also retain your own lawyer at your expense to attend on your behalf.

**17.    How will I learn if the Settlement is approved?**

A notice of final judgment will be posted on the Settlement website located at [WEBSITE URL].

**18.    What happens if I do nothing at all?**

If you do nothing, you will receive your share of the Net Settlement Amount as an Individual Settlement Payment and you will release the Released Claims. You will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or any of the Released Parties with respect to the Released Claims.

## GETTING MORE INFORMATION

**19.    Who may I contact if I have questions about the Settlement?**

This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement by contacting the Settlement Administrator or by reviewing the Settlement Agreement and other documents filed in this matter online at [website URL] or by entering the case number above through PACER (pacer.uscourts.gov). Alternatively, you may request a copy at the Office of the Clerk, United States District Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102.

**Please do not contact the Clerk of Court, the Judge, or Defendants' managers, supervisors, or their attorneys for information.**

## ADDITIONAL IMPORTANT INFORMATION

**20.    The Defendants support the Settlement and will not retaliate in any manner whatsoever** against any Class Member, whether they choose to remain a Settlement Class Member and receive an Individual Settlement Payment, or request to be excluded from the Settlement, or object to the Settlement.

**21.    It is your responsibility to ensure that the Settlement Administrator has your current mailing address and telephone number on file**, as this will be the address to which your Individual Settlement Payment will be sent.

**22.    Individual Settlement Payment checks must be cashed soon after receipt**.  If the Settlement is approved, you will be mailed your Individual Settlement Payment. The check will remain valid for 180 days after the date it is issued. If you do not cash the check sent for your Individual Settlement Payment within 180 days, these funds will be sent to the California State Controller and held by the State Controller's Office Unclaimed Property Fund on your behalf.

# EXHIBIT A

## REQUEST FOR EXCLUSION FORM

### *Williams v. Perdue Farms, Inc., et al.*
### Case No. 3:19-cv-07671-MMC
### United States District Court, Northern District of California

If you want to receive an Individual Settlement Payment, you should **not** fill out this form (also known as an "**Opt Out Form**"); you are **not** required to do anything at this time.  This form is to be used **only** if you want to exclude yourself from the Settlement.

If you decide to exclude yourself from (opt out of) the Settlement: (1) you will not receive any payments or benefits under the Settlement; (2) you will not be able to object to the Settlement; (3) you will not be bound by the Settlement if it is ultimately approved by the Court; and (4) you may pursue any claims asserted in the Lawsuit against Defendants by filing your own lawsuit.

**To be excluded from the Settlement, complete this Request for Exclusion Form and mail it to the Settlement Administrator at the address listed below, postmarked no later than [Date], 2022.**

| |
|---|
| **Simpluris, Inc.**<br>**[*Williams v. Perdue Farms, Inc., et al.*]**<br>[Address]<br>[City, State Zip] |

### Request for Exclusion

I hereby certify that I have been employed in California by at least one of the Defendants Perdue Farms, Inc., Perdue Foods LLC, Petaluma Acquisition, LLC, Coleman Natural Products, Inc., and/or Coleman Natural Foods, LLC at some time during the period from October 11, 2015 through February 11, 2022.

I have received the Notice of Proposed Class Action and PAGA Settlement (the "**Notice**") in the Lawsuit, and I request to be excluded from the Settlement.  I understand that by submitting this Request for Exclusion Form, I will not receive any money or other benefits under the Settlement, and I will not be bound by the Settlement, including the release of Released Claims, as described in the Notice and in the Settlement Agreement on file with the Court.

_____

**Please print legibly:**            Full Name: _____

Date of Birth: _____    Phone Number: _____

Street Address: _____

City, State, Zip Code: _____

Last 4 digits of Social Security No.: _____    Employee ID No.: _____


Signature of Class Member: _____    Date: _____