Shaun Setareh (Cal. State Bar No. 204514)
  shaun@setarehlaw.com
William M. Pao (Cal. State Bar No. 219846)
  william@setarehlaw.com
Jose Maria D. Patino, Jr. (Cal. State Bar No. 270194)
  jose@setarehlaw.com
SETAREH LAW GROUP
9665 Wilshire Boulevard, Suite 430
Beverly Hills, California 90212
Telephone (310) 888-7771
Facsimile (310) 888-0109

Attorneys for Plaintiff
RONNIE WILLIAMS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE WILLIAMS, on behalf of himself, all others similarly situated,<br><br>*Plaintiff,*<br><br>vs.<br><br>PERDUE FARMS INC., a Maryland corporation; PERDUE FOODS LLC, a Maryland limited liability company; PETALUMA ACQUISITION, LLC, a Delaware limited liability company; COLEMAN NATURAL PRODUCTS, INC., a Delaware corporation; COLEMAN NATURAL FOODS, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive,<br><br>*Defendants.* | Case No.: 3:19-CV-07671-MMC<br><br>**[PROPOSED] ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASSES**<br><br>Date:            January 27, 2023<br>Time:           9:00 a.m.<br>Judge:          Hon. Maxine M. Chesney<br>Place:          Courtroom 7<br>                    450 Golden Gate Avenue<br>                    San Francisco, CA 94102<br><br>Action Filed:        October 11, 2019<br>Action Removed:  November 21, 2019<br>FAC Filed:            March 16, 2020 |

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT

On January 27, 2023, a hearing was held on the motion of plaintiff Ronnie Williams ("Plaintiff") for final approval of his class action and PAGA settlement (the "Settlement") (Dkt. 68-1) with Defendants PERDUE FARMS INC., PERDUE FOODS LLC, PETALUMA ACQUISITION, LLC, COLEMAN NATURAL PRODUCTS, INC., and COLEMAN NATURAL FOODS, LLC. (collectively, "Defendants") (Plaintiff and Defendants, collectively, the "Parties").

The Parties have submitted their Settlement, which this Court preliminarily approved by its August 26, 2022 order (Dkt. 71) ("Preliminary Approval Order"). In accordance with the Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement and the opportunity to comment on or object to it or to exclude themselves from it.

Having received and considered the Settlement, the supporting papers filed by the Parties and the evidence and argument received by the Court at the hearing before it entered the Preliminary Approval Order and the final approval hearing on January 27, 2023, the Court grants final approval of the Settlement, and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1. The following persons are hereby certified as class members for the purpose of entering a settlement in this matter:

   I. Cause of Action No. 2 – Failure to Provide Meal Periods: All persons employed by Defendants at any time in an hourly or non-exempt position in California from May 26, 2019 until February 11, 2022.

   II. Cause of Action No. 3 – Failure to Provide Rest Periods: All persons employed by Defendants at any time in an hourly or non-exempt position in California from October 11, 2015 until February 11, 2022.

   III. Cause of Action No. 4 – Failure to Pay Hourly Wages: All persons employed by Defendants at any time in an hourly or non-exempt position in California from May 26, 2019 until February 11, 2022.

   IV. Cause of Action No. 5 – Failure to Indemnify: All persons employed by Defendants in California who incurred business expenses at any time from October 11, 2015 until February 11, 2022. This includes both non-exempt and

exempt employees and will be specifically referred to as the "Reimbursement Class."

V. Cause of Action No. 6 – Failure to Provide Accurate Written Wage Statements: All persons employed by Defendants at any time in an hourly or non-exempt position in California from July 18, 2020 until February 11, 2022.

VI. Cause of Action No. 7 – Failure to Timely Pay All Final Wages: All persons employed by Defendants at any time in an hourly or non-exempt position in California who separated from their employment with Defendants at any time from May 26, 2019 until February 11, 2022.

VII. Cause of Action No. 8 – Failure to Pay Wages Without Discount: All persons employed by Defendants at any time in California who were paid their wages with a pay card and were not paid all earned wages at any time from May 26, 2019 until February 11, 2022.

VIII. Cause of Action No. 9 – Unfair Competition: All persons employed by Defendants at any time in an hourly or non-exempt position in California from May 26, 2019 until February 11, 2022.

2. For the reasons stated in the Preliminary Approval Order, the Court finds and determines that the above-referenced classes meet all of the legal requirements for class action certification, and it is hereby ordered that the Classes I through VIII in paragraph 1, above, are certified solely for purposes of the Settlement pursuant to Rule 23, Federal Rules of Civil Procedure.

3. Having submitted timely and valid Requests for Exclusion, the following persons are hereby excluded from the Settlement pursuant to its terms and are not joined as Class Members: Melvin Barnett, Adonay Efriem, Ftsum Efriem Hantal, and Mario Garcia Santana Jr.

4. The Court designates Plaintiff Ronnie Williams as Class Representative and designates Shaun Setareh and William M. Pao of Setareh Law Group as Class Counsel.

5. Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711 *et seq.* ("CAFA"), not later than ten days after the Parties' joint motion seeking preliminary approval of the Settlement

was filed in court, Defendants served upon the Attorney General of the United States and the appropriate state official of each state in which a Class Member resides a notice of the Settlement consisting of: a copy of the pleadings in this action; a notice of the scheduled judicial hearings in this action; copies of the Settlement and Class Notice Packets; and the names of Class Members who reside in each state and the estimated proportionate share of the Class Members in each state compared to the entire Settlement.  The notice of Settlement also invited comment on the Settlement.  Accordingly, the Court finds that Defendants have discharged their obligations under CAFA to provide notice to the appropriate federal and state officials.

6. Pursuant to the Preliminary Approval Order, a Notice of Proposed Class Action and PAGA Settlement and the Request for Exclusion Form were sent to each Class Member by first-class mail.  These papers informed Class Members of the terms of the Settlement, their respective right to receive an Individual Settlement Payment, their right to comment on or object to the Settlement, their right to opt out of the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement.  Adequate periods of time were provided by each of these procedures.  No Class Members objected to the Settlement as part of this notice process or stated an intent to appear at the final approval hearing.

7. The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members.  The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

8. No objections were raised by any Class Members.

9. The Court further finds and determines that the terms of the Settlement are fair, reasonable, and adequate to the Classes and to each Class Member; that the California Class Members who have not opted out will be bound by the Settlement; that the Settlement is ordered finally approved; and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

10. The Court finds and determines that the Maximum Settlement Amount of $1,775,000 and the Individual Settlement Payments to be paid out of that amount to the Participating Class Members (Class Members who did not timely submit a valid Request for Exclusion Form), as provided for by the Settlement, are fair and reasonable. The Court hereby gives final approval to and orders the payment of those amounts to be made to the Participating Class Members out of the Net Settlement Amount in accordance with the Settlement.

11. The Court finds and determines that the fees and expenses of Simpluris, Inc. in administrating the settlement, in the amount of $14,170.00, are fair and reasonable. The Court hereby gives final approval to and orders that the payment of $14,170.00 be paid out of the Maximum Settlement Amount in accordance with the Settlement.

12. In addition to any recovery that Plaintiff may receive from the Net Settlement Amount, and in recognition of the Plaintiff's efforts on behalf of the Settlement Class, the Court hereby approves the payment of an Class Representative Service Award to Plaintiff in the amount of $5,500. This shall be paid from the Maximum Settlement Amount.

13. Pursuant to the authorities and argument presented to the Court, the Court approves the payment of attorneys' fees to Class Counsel in the sum of $443,750.00, plus costs and expenses in the amount of $20,875.87. This shall be paid from the Maximum Settlement Amount.

14. The Court finds fair and reasonable the allocation of $100,000 of the Maximum Settlement Amount to penalties under the Private Attorneys General Act, with $75,000 thereof to be paid to the California Labor and Workforce Development Agency and $25,000 thereof to be paid to the Participating Class Members.

15. Without affecting the finality of this order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this order and the Settlement.

16. Upon completion of administration of the Settlement, the Settlement Administrator will provide written certification of such completion to the Court and counsel for the Parties.

17. The Parties are hereby ordered to comply with the terms of the Settlement.

18. The Parties shall bear his, her, its or their own respective attorneys' fees and costs except as otherwise provided in the Settlement.

**IT IS SO ORDERED.**

Dated: January 27, 2023

_____
The Honorable Maxine M. Chesney
District Court Judge

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT